IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

AMY DIVINE; KARL MERCHANT; and                                  PLAINTIFFS
COLUMBUS JONES, on behalf of themselves
and all others similarly situated,

v.                                           CIVIL ACTION NO.: 1:23cv196 HSO-BWR

SECURIX, LLC                                                           DEFENDANT

**PLAINTIFFS' RESPONSE TO ORDER DIRECTING PLAINTIFFS TO FILE A RESPONSE PROVIDING CITIZENSHIP OF DEFENDANT**

Plaintiffs hereby file their Response to the August 14, 2023 Order Directing Plaintiffs to File a Response Providing Citizenship of Defendant [Dkt. 5] and state as follows:

**I.     INTRODUCTION**

In their Complaint, Plaintiffs allege two bases for federal jurisdiction: (1) Plaintiffs' claim arising under 42 U.S.C. § 1983 creates federal question jurisdiction pursuant to 28 U.S.C. § 1331 and (2) the Class Action Fairness Act ("CAFA"), codified at 28 U.S.C. § 1332(d), establishes federal diversity jurisdiction because this case is a class action, the Class has more than 100 members, the amount in controversy exceeds $5,000,000, and Plaintiffs are citizens of a different state than Defendant. Compl., Dkt. 1, ¶9.

Plaintiffs are citizens of the state of Mississippi. *Id.*, ¶¶13-15. Defendant is a limited liability company ("LLC") formed in the state of Delaware with its principal place of business in the state of Georgia. *Id.*, ¶16.

The August 14, 2023 Order ("Order") directs Plaintiffs to file a response that identifies the "members of Defendant and each member's citizenship." Dkt. 5 at 2.

1

## II. THE CITIZENSHIP INFORMATION FOR EACH MEMBER OF DEFENDANT.

As set out in Section III, *infra*, CAFA amended the traditional rule that, to establish diversity jurisdiction, a plaintiff must identify the citizenship of an LLC's members. For certain class action cases, like the present one, CAFA requires a plaintiff to identify the state in which a defendant LLC was formed and the state where the LLC maintains its principal place of business.

Notwithstanding the arguments and authorities in Section III, this Section details Plaintiffs' efforts to comply with the Order, *i.e.*, ascertain the names and citizenship of each member of Defendant.

### A. Defendant Has Confirmed That Diversity Jurisdiction Exists.

On August 15, 2023, the parties discussed the Order and the citizenship of Defendant's members. On August 16, 2023, Defendant's counsel emailed Plaintiffs' counsel and stated, "Securix has confirmed in writing to me that it is a privately held company and no members are residents of the State of Mississippi. Securix does maintain an office in Mississippi but it is not its principal place of business." A true and correct copy of the email is attached as Exhibit 1. While this email does not provide the names of Defendant's members or their states of citizenship, it does establish that Defendant's members are diverse from Plaintiffs.

### B. Plaintiffs' Independent Efforts to Ascertain the Citizenship of Defendant's Members.

The state of Delaware, where Defendant was formed, does not require an LLC to provide member information on its certificate of formation or subsequent filings. Delaware's LLC Act only requires information regarding the registered agent. 6 Del. C. § 18-201. *See also*, Ex. 2, Delaware Template LLC Certificate of Formation and Ex. 3, Herrington Declaration, ¶4. A business entity search for Defendant on the Delaware Department of State's website yields no

information about Defendant's members or their states of citizenship. Ex. 4, Defendant's Delaware Entity Details.[1]

The Delaware Department of State maintains no other documents containing member information. Ex. 3, Herrington Decl., ¶4. Further, a similar search of the Georgia Secretary of State's website yielded no information regarding Defendant's members. Ex. 3, Herrington Decl., ¶5. This was expected given that Defendant was not formed in Georgia, but only maintains its principal place of business there.

Plaintiffs are not aware of any publicly available documents containing the names of Defendant's members and their states of citizenship. Plaintiffs contend that this information can only be ascertained through discovery.

### III. IN CASES INVOKING CAFA JURISDICTION, AN LLC'S CITIZENSHIP IS DETERMINED BY ITS STATES OF ORGANIZATION AND PRINCIPAL PLACE OF BUSINESS.

In the Complaint, Plaintiffs allege, "Defendant is a limited liability company. As such, for the purpose of determining CAFA jurisdiction, Defendant is treated as an unincorporated association. 28 U.S.C § 1332(d)(10). Therefore, the Court's jurisdiction is not determined by the citizenship of Defendant's members." Compl., Dkt. 1, ¶10.

CAFA and subsequent cases interpreting this issue support Plaintiffs' allegation. CAFA amended 28 U.S.C. § 1332 to include Section 1332(d)(10), which states, "For purposes of this subsection and section 1453, an unincorporated association shall be deemed to be a citizen of the State where it has its principal place of business and the State under whose laws it is organized."

Under CAFA, an unincorporated association includes LLCs. *See Cedar Lodge*

---

[1] The Entity Details page states, "Additional Information is available for a fee. You can retrieve Status for a fee of $10.00 or more detailed information including current franchise tax assessment, current filing history and more for a fee of $20.00." But the additional information does not include the names or citizenship of Defendant's members. Ex. 3, Herrington Decl., ¶4.

*Plantation, L.L.C. v. CSHV Fairway View I, L.L.C.*, 768 F.3d 425, 426 n.2 (5th Cir. 2014) ("Pursuant to 28 U.S.C. § 1332(d)(10), the defendant L.L.C.'s are citizens of Delaware and Illinois; the district court incorrectly applied a non-CAFA standard to the L.L.C.'s."); *Siloam Springs Hotel, LLC v. Century Sur. Co.*, 781 F.3d 1233, 1237 n.1 (10th Cir. 2015) ("Under CAFA, suits brought by 'unincorporated association[s]' are treated like suits by corporations in that the citizenship of the association for diversity purposes is determined by its state of organization and principal place of business, not by the citizenship of its members."); *Ferrell v. Express Check Advance of S.C. LLC*, 591 F.3d 698, 699-700 (4th Cir. 2010) ("In this appeal, we hold that, for purposes of determining subject matter jurisdiction under [CAFA], a limited liability company is an 'unincorporated association' as that term is used in 28 U.S.C. § 1332(d)(10) and therefore is a citizen of the State under whose laws it is organized and the State where it has its principal place of business."); *Calchi v. TopCo Assocs., LLC*, No. 22-cv-747, 2023 U.S. Dist. LEXIS 99074, at *15 (N.D. Ill. June 7, 2023) ("Courts have widely held that an LLC is an 'unincorporated association' within the meaning of section 1332(d)(10).") (collecting cases); *Kim v. Trulia, LLC*, No. 19-CV-06733 (DLI) (RER), 2021 U.S. Dist. LEXIS 68856, at *6-7 (E.D.N.Y. Mar. 31, 2021) ("The Court adopts the reasoning of the Tenth and Fourth Circuits and finds that Defendant [LLC] is an unincorporated association under 28 U.S.C. § 1332(d)(10).") citing *Claridge v. N. Am. Power & Gas Co., LLC*, 2015 U.S. Dist. LEXIS 117693, 2015 WL 5155934, at *1-2 (S.D.N.Y. Sept. 2, 2015) ("This Court concludes that as an LLC, [defendant] is an unincorporated association, and its citizenship in a CAFA action is determined pursuant to section 1332(d)(10).") (alteration in original).

Plaintiffs believe they have properly pled CAFA jurisdiction. Pursuant to 28 U.S.C. § 1332(d)(10), Plaintiffs alleged that Defendant is a citizen of Delaware and Georgia. Compl., Dkt.

1, ¶16. And Plaintiffs are citizens of Mississippi. *Id.*, ¶¶13-15. Further, while Defendant's email does not provide the names of Defendant's members or their states of citizenship, it does establish that no member of Defendant is a citizen of Mississippi, *i.e.*, the members are diverse from Plaintiffs.

If the Court denies the sufficiency of Plaintiffs' Response, Plaintiffs request leave to conduct discovery on the issue.

Respectfully submitted, this the 16th day of August 2023.

        PLAINTIFFS,

        <u>*Brian K. Herrington*</u>
        Brian K. Herrington, MB# 10204
        Rogen K. Chhabra, MB# 99131
        CHHABRA GIBBS & HERRINGTON PLLC
        120 North Congress Street, Suite 200
        Jackson, Mississippi 39201
        T: 601-948-8005
        F: 601-948-8010
        bherrington@nationalclasslawyers.com
        rchhabra@nationalclasslawyers.com

        John G. (Trae) Sims, III, MB# 99679
        SIMS LAW FIRM, PLLC
        P.O. Box 54
        Madison, MS 39130
        745 HWY 51 - Suite D
        Madison, MS 39110
        T: 601-207-3732
        trae@thesimslawfirm.com

        *Attorneys for Plaintiffs*