IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

AMY DIVINE; KARL MERCHANT; and
COLUMBUS JONES, on behalf of themselves
and all others similarly situated                                    PLAINTIFFS

v.                      CIVIL ACTION NO. 1:23cv196 HSO-BWR

SECURIX, LLC                                                               DEFENDANT

## DEFENDANT'S MEMORANDUM BRIEF IN SUPPORT OF MOTION TO DISMISS

COMES NOW, Defendant, SECURIX, LLC (hereinafter referred to as "Defendant" or "Securix"), by and through its Attorneys, Tim C. Holleman and Hollis T. Holleman, BOYCE HOLLEMAN AND ASSOCIATES, and files this its Memorandum in Support of Motion to Dismiss pursuant to Rule 12(b)(6), Fed. Rule Civ. Proc., or for lack of jurisdiction under Rule 12(b)(1), Fed. Rules Civ. Proc. as there is no "federal question", and in support thereof, Defendant would show unto the Court the following:

### I.
### INTRODUCTION

Important to this Motion, Plaintiffs all admit that on or about the dates alleged for each Plaintiff, they were violating Mississippi law by owning or operating a motor vehicle in the respective cities without having motor vehicle liability insurance at the time in violation of Miss. Code § 63-15-4(2)(a). Such is not in dispute. The law requires that every motor vehicle operated in the State shall have motor vehicle liability insurance

1

and that "the insured parties shall be responsible for maintaining the insurance on each motor vehicle."  Violation of Miss. Code § 63-15-4 is a misdemeanor and, *upon conviction*, is punishable by a fine and suspension of one's driving privilege for a period of one (1) year or until the owner of the motor vehicle shows proof of liability insurance that is in compliance with the liability limits required by Miss Code § 63-15-3(j) and has paid the fines and assessments imposed including any driver's license reinstatement fees imposed by the Department of Public Safety.

It is undisputed that Securix has contracts with the respective cities involved[1] to address the problem of uninsured motor vehicles operating in its jurisdiction. All actions taken by Securix are done within the scope of the contract with the authority of the respective cities.  See Complaint para. 2.  All notices and actions taken as a result of said notices were authorized in accordance with said contracts.

It is also undisputed on the face of the Complaint that each of the Plaintiffs received and were accorded "notice" of the claimed violation(s) of Miss Code § 63-15-4 and the procedures to respond to the claimed violation(s).  It was Plaintiffs' choice as to how to respond.

Sadly, Plaintiffs only real complaint is how he/she got caught (*i.e.* use of Automatic License Plate Readers (ALPRs) and the Mississippi Insurance Verification System) committing a crime, albeit a misdemeanor, but none the less still a crime.

Uninsured motorists are a serious issue in this country.  In fact, Mississippi leads the nation in the highest percentage of uninsured vehicles in the United

---

[1] The City of Ocean Springs and the City of Senatobia.

States.[2] Mississippi's insurance costs are the fourth highest in the nation, at least partially as a result thereof, based on the percentage of median household income.[3]

On the face of the Complaint, the Plaintiffs all admit he/she were, in fact, guilty of violating Miss. Code Ann. § 63-15-4 at the times alleged; that they got "notice" of the alleged violation; and each had the opportunity to respond to notice of violation either by providing proof of insurance (at the time) or entering a "diversion" program as described including proving proof he/she had obtained insurance or by requesting a trial where each could present all of the alleged defenses thereto they assert in the Complaint. See Exhibits 1, 2 and/or 3 to the Complaint.

Plaintiffs, Divine and Merchant, chose, after notice, to enter the diversion program. Plaintiff, Divine, only partially completed the diversion program. Plaintiff, Merchant, completed the diversion program. Plaintiff, Jones, ignored all notices and complains he continues to receive notices. The only reason Plaintiffs, Divine and Jones, have not been further prosecuted for their crimes, after failing to complete the diversion program or respond to the notices, has been that this litigation commenced initially in the United States District Court for the Southern District of Mississippi, Jackson Division, CA No. 3:22cv510-HTW-LGI, which has now been voluntarily dismissed and refiled here.

---

[2] David Corum, *Uninsured Motorists, 2021 Edition,* The Institutes, Mar. 22, 2021, at 1. https://www.insurance-research.org/sites/default/files/downloads/UM%20NR%20032221.pdf

[3] Victoria Kilgore, *Auto Insurance Affordability: Countrywide Trends and State Comparisons,* The Institutes, Sep. 28, 2021, at 3. https://www.insurance-research.org/sites/default/files/news_releases/IRC%20Auto%20Affordability%20Research%20Brief_0.pdf

Reading the Complaint in the light most favorable to the Plaintiffs, the Plaintiffs were accorded notice of the claimed violations and given an opportunity to contest the same. In other words Plaintiffs' Complaint clearly shows that each was accorded "procedural due process".

II.
Rules 12(b)(1) and 12(b)(6), Fed. Rules Civ. Procedure

Defendant moves to dismiss under Rule 12(b)(6), Fed. Rules Civ. Proc. for failure of Plaintiffs' Complaint to state a claim upon which relief may be granted for Fourteenth Amendment Procedural Due Process Violation(s) arising under 42 U.S.C. § 1983. Review of whether a complaint fails to state a claim under Rule 12(b)(6) involves a different set of considerations than a Rule 12(b)(1) motion. "The pleading standards for a Rule 12(b)(6) motion to dismiss are derived from Rule 8 of the Federal Rules of Civil Procedure, which provides, in relevant part, that a pleading stating a claim for relief must contain 'a short and plain statement of the claim showing that the pleader is entitled to relief.' " *In re McCoy*, 666 F.3d 924, 926 (5th Cir. 2012). To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). The Fifth Circuit has explained the *Iqbal/Twombly* standard as follows:

> In order for a claim to be plausible at the pleading stage, the complaint need not strike the reviewing court as probably meritorious, but it must raise 'more than a sheer possibility' that the defendant has violated the

law as alleged[4]. The factual allegations must be 'enough to raise a right to relief above the speculative level.'

*Oceanic Expl. Co. v. Phillips Petroleum Co. ZOC*, 352 F. App'x 945, 950 (5th Cir. 2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)); see also 920 *South Beach Blvd., LLC v. City of Bay Saint Louis, Mississippi*, 2023 WL 2749170, at *2–3 (S.D.Miss., 2023). Defendant submits that the Complaint on its face does not state a claim for Fourteenth Amendment Procedural Due Process Violation(s) arising under 42 U.S.C. § 1983, as the Complaint, itself, alleges the Plaintiffs were given "notice" of the claimed violations and an opportunity to contest or be heard thereon.

Defendant also moves to dismiss under Rule 12(b)(1), Fed. Rules Civ. Proc. Plaintiffs assert "federal question jurisdiction" for violation of "Fourteenth Amendment Procedural Due Process". Defendant asserts the Complaint does not set forth sufficient facts which supports "federal question jurisdiction" under Rule 12(b)(1), Fed. Rules Civ. Proc., because the Plaintiffs fail to set forth sufficient facts to support a "Fourteenth Amendment Procedural Due Process claim" on the face of the Complaint. "Motions filed under Rule 12(b)(1) of the Federal Rules of Civil Procedure allow a party to challenge the subject matter jurisdiction of the district court to hear a case." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). "In evaluating subject matter jurisdiction on a motion to dismiss a court may consider (1) the complaint alone, (2) the complaint supplemented by undisputed facts evidenced in the record, or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed

---

[4] Here Fourteenth Amendment Procedural Due Process Violation arising under 42 U.S.C. § 1983.

5

facts." *Tewari De-Ox Sys., Inc. v. Mountain States/Rosen Liab. Corp.*, 757 F.3d 481, 483 (5th Cir. 2014). The burden of proof on a Rule 12(b)(1) motion lies with the party asserting jurisdiction. *Ramming*, 281 F.3d at 161.

III.
"COUNT I - 42 U.S.C. § 1983"
"Fourteenth Amendment Procedural Due Process Violation"

Plaintiffs argue federal jurisdiction under 28 USC § 1331, asserting federal question over Plaintiffs' claim for Fourteenth Amendment Procedural Due Process Violation arising under 42 U.S.C. § 1983.

The Constitution's Fourteenth Amendment states, in pertinent part, that no State may deprive "any person of life, liberty, or property, *without due process of law*." (Emphasis added).

Fourteenth Amendment Procedural Due Process prohibits the government from depriving "an individual of a liberty or property interest without providing appropriate procedural protections"—*usually in the form of notice and some kind of opportunity to contest the decision*. *Karem v. Trump*, 404 F.Supp.3d 203, 209 (D.D.C., 2019) citing *Atherton v. D.C. Office of Mayor*, 567 F.3d 672, 689 (D.C. Cir. 2009).

For the reasons set forth herein the Plaintiffs' Complaint fails to state a claim upon which relief may be granted for claims under 42 U.S.C. § 1983 for Fourteenth Amendment Procedural Due Process Violation, therefore the Complaint must be dismissed pursuant to Rule 12(b)(6), Fed. Rules Civ. Proc. or for lack of jurisdiction under Rule 12(b)(6), Fed. Rules Civ. Proc. as there is no "federal question".

The Plaintiffs Complaint on its face admits each Plaintiff was provided "notice" of the alleged violation and an "opportunity to contest" the allegations. Detailed

6

explanations and instructions were provided. See Exhibits 1, 2 and/or 3 to the Complaint. Plaintiffs, Divine and Merchant, admittedly understood and followed the instructions. The Plaintiff, Jones, ignored the notices but admits he got them and continues to do so.

The respective Plaintiffs, Divine, Merchant and Jones were all admittedly owners or operators of a motor vehicle on the dates involved which did not have liability insurance [5]. This is a misdemeanor violation of Mississippi state law, specifically Miss. Code Ann. § 63-15-4. Plaintiffs, Divine and Merchant, alleged after each received notice, that they chose to enter the diversion program and each obtained the required insurance as set forth in notice. Plaintiff, Jones did not do anything but based upon representations of his counsel of record, Plaintiff, Jones also did not have liability insurance on his vehicle on the date of violation. Jones complains that he continues to receive notices.

The Complaint on its face admits all Plaintiffs, in fact, got notices and an opportunity to be heard on or "contest" the allegations that each was operating a motor vehicle on the specified date in the City of Ocean Springs (Divine or Merchant) or City of Senatobia (Jones) in violation of Miss. Code Ann. § 63-15-4.

Securix, at times pertinent hereto had a contract with the respective cities to address the problem of uninsured motor vehicle operating in its jurisdictions. All actions taken by Securix were done within the scope of the contract and under the authority of each municipality. See Complaint para. 2.

Securix developed a proprietary program ("Program") which interacts with

---

[5] Of any nature or from any source.

Automatic License Plate Readers (ALPRs) and the Mississippi Insurance Verification System. Only sworn police officers for the respective cities (Ocean Springs or Senatobia) have access to the Mississippi Insurance Verification System and the images recorded through the ALPRs. Officers receive a notification of a potential violation through the Mississippi Insurance Verification System indicating that a particular vehicle may be in violation of Miss. Code Ann. § 63-15-4(2)(a). This statute requires that every motor vehicle operated in the State shall have motor vehicle liability insurance and that "the insured parties shall be responsible for maintaining the insurance on each motor vehicle." By comparing the license plate image from the ALPRs against the Mississippi Insurance Verification System, the officer makes a determination as to whether probable cause exists to issue a notice of violation. There is no "stop" as alleged by the Plaintiffs. See Complaint para. 34. There is no requirement under Mississippi law for there to be "stop" to commence any prosecution, by affidavit or ticket, but only probable cause to believe a crime has occurred. Here, all Plaintiffs have admitted they were violating the law.

All of such was approved and authorized by the respective City. See Complaint paras 2-6.

The Program also provides additional information fo use by the city, unrelated to uninsured motorists, to help protect the health and safety of each city's citizens. It provides the city dispatchers with thirteen (13) additional alerts should a vehicle subject to said alerts pass through the ALPRs. This includes, but not limited to, BOLO ("be on the lookout" - alerts mainly sent between officers in other counties or cities to be on the lookout for a fugitive or criminal on the run), Amber alerts, silver alerts, and

stolen vehicles.

Notices, admittedly received by Plaintiffs, which are attached to Plaintiffs' Complaint, as Exhibits 1, 2 and 3, gave the Plaintiffs three (3) options:

> 1. If the vehicle had insurance, to simply provide proof of insurance. [Such ends the inquiry].
>
> or
>
> 2. If the vehicle did not have insurance at the time, then the owner has the choice to voluntarily enter into a diversion program. The vehicle owner can pay $300.00, agree to obtain liability insurance, and watch an online video with regard to driver responsibility. [If the party completes the program such ends the inquiry].
>
> or
>
> 3. The vehicle owner can choose to appear at the plea date and contest the citation at trial. [A date would then be set to enter a plea, and a trial set to determine the violation or not as with any misdemeanor violation[6]].

See Exhibits 1, 2 and 3 to Complaint.

Plaintiffs, Divine and Merchant, voluntarily chose option 2, to enter into the diversion program, and voluntarily made payments. Plaintiff, Merchant, completed the program and Plaintiff, Divine, partially completed the program before filing a lawsuit. Plaintiff, Jones, admits he got multiple notices but did nothing. Plaintiffs, Divine and Jones, have not been prosecuted at this point only because of the prior and pending litigation filed herein.

"Fourteenth Amendment Procedural Due Process Violation" "is simply a guarantee of fair procedure." *Aponte-Rosario v. Acevedo-Vila*, 617 F.3d 1, 10 (1st Cir. 2010). There is nothing unfair about the procedures despite Plaintiffs complaints

---

[6] Many of the complaints made by the Plaintiff would be available as defenses to the misdemeanor charge. Such is called "due process of law".

about how they were caught violating the law. For the Plaintiffs to be offended at being caught is offensive to all those who bought and paid for their insurance.

The U. S. Constitution does not guarantee criminal charges will be filed only against the guilty; rather, it requires a procedural process securing certain protections for defendants when authorities act to deprive them of life, liberty, or property. *Baker v. McCollan,* 443 U.S. 137, 145, 99 S.Ct. 2689, 2699, 61 L.Ed.2d 433 (1979); Gunderson v. Schlueter, 904 F.2d 407, 409-10 (C.A.8 (Minn.), 1990).

Here all three Plaintiffs were given notice of the alleged violations with simple and clear instructions or "procedural process" as to what to do and an opportunity to be heard if Plaintiffs chose to avail themselves thereof. Pursuant to *Schafer v. City of New Orleans*, infra., the Plaintiffs "certainly received procedural due process. [The Plaintiff] had actual notice of the introduction of the ordinance, appeared at the hearing preceding its adoption, and availed themselves of the opportunity to argue against its adoption. This suffices." *Schafer v. City of New Orleans*, 743 F.2d 1086, 1089 (5th Cir. 1984) (citing *Cafeteria & Rest. Workers Union, Loc. 473, AFL-CIO v. McElroy*, 367 U.S. 886, 894-95, 81 S. Ct. 1743, 1748, 6 L. Ed. 2d 1230 (1961); *Mathews*, 424 U.S. at 340-49, 96 S.Ct. 893); *see also Abraham v. City of Mandeville*, 638 F. Supp. 1108, 1113 (E.D. La. 1986), *aff'd*, 814 F.2d 657 (5th Cir. 1987) (finding plaintiffs' procedural due process claim without merit because "plaintiffs were given due notice of the many meetings of the Commission and the Council regarding the rezoning of the property" and explaining that "they had an adequate opportunity to participate and be heard."). All three Plaintiffs on the face of their Complaint received clear and due notice of the claimed violations, and clearly adequate choices as to procedures to follow.

Simply, the Complaint on its face does not allege a claim for Fourteenth Amendment Procedural Due Process Violation(s) arising under 42 U.S.C. § 1983 *i.e.* that no State may deprive "any person of life, liberty, or property, without due process of law." The Complaint itself clearly alleges the Plaintiffs all got notice and an adequate opportunity to be heard or object or contest *i.e.* "due process of law". *Karem v. Trump*, 404 F.Supp.3d 203, 209 (D.D.C., 2019) citing *Atherton v. D.C. Office of Mayor*, 567 F.3d 672, 689 (D.C. Cir. 2009).

Plaintiffs' Complaint makes many allegations[7] about the notices of violation, use of ALPRs to catch them, the affidavits, the applicable Mississippi statutes/laws, *etc*. All of such <u>may</u>[8] be defenses to the notice of violation of Miss. Code Ann. § 63-15-4, but such are clearly a part of the "procedural due process" accorded to Plaintiffs after "notice" they admittedly received. None of such is a violation of "procedural due process", in fact, it is part of the "procedural due process" clearly provided to each Plaintiff. Plaintiffs got notice of the violation and an opportunity to contest, such is the epitome of "Fourteenth Amendment Procedural Due Process".

Pursuant to Fed. Rules Civ Proc. Rule 12(b)(6) COUNT I of the Complaint alleging violation of 42 U.S.C. § 1983 for "Fourteenth Amendment Procedural Due Process Violation must be dismissed for failure to state a claim under which relief may be granted. Or alternatively, under Fed. Rules Civ Proc. Rule 12(b)(1) there is a lack of jurisdiction and the Complaint should likewise be dismissed.

IV.
State Law Claims

---

[7] Defendant does not for one second agree with Plaintiffs' allegations or their correctness or truthfulness, but simply state they don't matter.
[8] See footnote above.

Count II. Abuse of Process and Count III. Unjust Enrichment

Defendant respectively submits that the Court must dismiss the Plaintiffs' federal question claim for failure to state a claim for violation of Fourteenth Amendment Procedural Due Process or lack of jurisdiction, therefore, respectfully, the Court should, likewise, dismiss the state law claims based upon pendant jurisdiction under 28 U. S. C. § 1367 when the federal law claim is dismissed. *Noble v. White*, 996 F.2d 797, 799 (5th Cir. 1993); *Parker & Parsley Petroleum Co. v. Dresser Indus.*, 972 F.2d 580, 585 (5th Cir. 1992). Consistent with this rule, this Court should decline to entertain Plaintiffs' state law claims based upon pendant jurisdiction under 28 U. S. C. § 1367 because their federal claim should be dismissed for the reasons state above. Plaintiffs' state law claims should be filed in State Court if at all.

CONCLUSION

Defendant has attempted to succinctly address the most glaring issue with Plaintiffs' Complaint and moves for dismissal pursuant to Rule 12(b)(6) Fed. Rules Civ. Proc. to immediately address the Complaint's failure to state a claim arising under 42 U.S.C. § 1983 for Fourteenth Amendment Procedural Due Process Violation and Fed. Rules Civ Proc. Rule 12(b)(1) for lack of jurisdiction. The Complaint with Exhibits itself contradicts the basic issue for procedural due process: "*usually in the form of notice and some kind of opportunity to contest the decision.*" *Karem v. Trump*, supra. Plaintiffs clearly got both based on their own allegations. Concomitantly, this Court should decline to entertain Plaintiffs' state law claims based upon pendant jurisdiction under 28 U. S. C. § 1367 because their federal claim should be dismissed for the reasons state above.

WHEREFORE PREMISES CONSIDERED, Defendant, Securix LLC, respectfully moves this Court grant its Motion to Dismiss pursuant to Rules 12(b)(6 and/or 12(b)(1) Fed. Rules Civ Proc. Rule and dismiss all of Plaintiffs claims, including declining to entertain Plaintiffs' state law claims based upon pendant jurisdiction under 28 U. S. C. § 1367, and for all additional and appropriate relief.

Respectfully submitted, this the 31st day of August 2023.

SECURIX, LLC, Defendant

By and through its attorneys

BOYCE HOLLEMAN & ASSOCIATES

By: /s Tim C. Holleman

CERTIFICATE OF SERVICE

I, Tim C. Holleman, do hereby certify that I have this day filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to all counsel of record.

This the 31st day of August 2023.

/s Tim C. Holleman

Tim C. Holleman (MS Bar #2526)
Hollis T. Holleman (MS Bar #105692)
BOYCE HOLLEMAN & ASSOCIATES
1720 23rd Ave./Boyce Holleman Blvd.
Gulfport, MS 39501
Telephone: (228) 863-3142
Facsimile: (228) 863-9829
Email: tim@boyceholleman.com
　　　　hollis@boyceholleman.com