**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**SOUTHERN DIVISION**

**AMY DIVINE; KARL MERCHANT; and**          **PLAINTIFFS**
**COLUMBUS JONES, on behalf of themselves**
**and all others similarly situated,**

**v.**          **CIVIL ACTION NO.: 1:23cv196 HSO-BWR**

**SECURIX, LLC**          **DEFENDANT**

**PLAINTIFFS' MEMORANDUM BRIEF IN SUPPORT OF THEIR RESPONSE TO**
**DEFENDANT'S MOTION TO DISMISS**

**INTRODUCTION**

Defendant Securix, LLC seeks the dismissal of Plaintiffs' Section 1983 claim as well as

dismissal of Plaintiffs' state law claims. Defendant's motion is curious because the Court also

has jurisdiction under the Class Action Fairness Act ("CAFA"). Therefore, even if the Court

dismisses the Section 1983 claim, the Court will still have jurisdiction over the case as well as

supplemental jurisdiction to hear Plaintiffs' state law claims. Regardless of Defendant's

reasoning, its motion should be denied in its entirety.

**FACTS**

Defendant is a private company that contracts with government entities ("Cities") to

implement Defendant's system ("Diversion Program") for detecting, ticketing, and collecting

fees from vehicle owners whom Defendant believes are operating uninsured vehicles on public

roadways in violation of Miss. Code Ann. §§ 63-15-3(j) and 63-15-4(2)(a) ("Uninsured Vehicle

Statutes"). Compl., Dkt. 1, ¶¶ 2, 29.

Defendant's Diversion Program relies solely on the use of automated license plate readers

("ALPRs"). ALPRs are cameras that can be placed on police cars, road signs, or traffic lights.

ALPRs capture computer-readable images of license plates that allow Defendant to compare the

plate numbers against the Mississippi Insurance Verification System to determine whether a particular vehicle is insured or not. If Defendant believes a vehicle is uninsured, Defendant mails a document to the vehicle owner that purports to be a legitimate traffic ticket.[1] Compl., Dkt. 1, ¶ 22; Def.'s Br., Dkt. 11 at 7-8. Defendant receives a cut from the monies vehicle owners pay into the Diversion Program. Put simply, Plaintiffs' and the putative Class' constitutional rights get violated and Defendant gets paid to do it.[2]

## LEGAL STANDARDS

Defendant bases its motion to dismiss on Federal Rule of Civil Procedure 12(b)(6) or, in the alternative, Rule 12(b)(1) for failure to establish federal question jurisdiction. Def.'s Motion, Dkt. 10 at 1-2.

### A.    Rule 12(b)(1) Standard.

"When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits." *Bond Pharmacy v. Advanced Health Sys.*, No. 3:21-CV-123-KHJ-MTP, 2021 U.S. Dist. LEXIS 204930, at *6 (S.D. Miss. Oct. 25, 2021) (quoting *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001)).

A Rule 12(b)(1) challenge to a complaint may be a facial or factual attack. A facial attack is based on the sufficiency of the complaint's allegations. *Lee v. Verizon Comms., Inc.*, 837 F.3d

---

[1] Solely for brevity's sake, Plaintiffs refer to the document as "Ticket." Plaintiffs dispute that the document is a legitimate citation.

[2] Defendant makes much of the fact that Plaintiffs did not have vehicle insurance on the day of the alleged violations, but this fact is irrelevant. Debtors who legitimately owe money are still provided with safeguards and protections in the collection of those debts by the Fair Debt Collection Practices Act. Similarly, felons are afforded constitutional rights to protect them from government overreach. Defendant cannot violate Plaintiffs' Fourteenth Amendment rights in seeking to collect fees from Plaintiffs.

523, 533 (5th Cir. 2016) (movant's Rule 12(b)(1) motion was a facial attack based solely on the complaint's allegations). Here, "Defendant asserts the Complaint does not set forth sufficient facts which supports 'federal question jurisdiction' under Rule 12(b)(1), Fed. Rules Civ. Proc., because the Plaintiffs *fail to set forth sufficient facts* to support a 'Fourteenth Amendment Procedural Due Process claim' *on the face of the Complaint*." Def's Br., Dkt. 11 at 5 (emphasis added).

Thus, "the court simply considers the 'sufficiency of the allegations in the complaint because they are presumed to be true.'" *Lee*, 837 F.3d at 533 (quoting *Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981)). Further, a court will not grant a Rule 12(b)(1) motion to dismiss unless "it appears certain that the plaintiff cannot prove a plausible set of facts that establish subject-matter jurisdiction." *Colville v. Becerra*, No. 1:22cv113-HSO-RPM, 2023 U.S. Dist. LEXIS 52527, at *23 (S.D. Miss. Mar. 28, 2023) (quoting *Davis v. United States*, 597 F.3d 646, 649 (5th Cir. 2009)).

### B.      Rule 12(b)(6) Standard.

"Dismissal under Rule 12(b)(6) is disfavored and 'rarely granted.'" *Nottingham v. Richardson*, 499 F. App'x 368, 372-73 (5th Cir. 2012) (quoting *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir.1982)). "Under Rule 12(b)(6), a claim should not be dismissed unless the court determines that it is beyond doubt that the plaintiff cannot prove a plausible set of facts that support the claim and would justify relief." *Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir. 2008) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-58, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)).

Courts accept all pleaded facts as true and resolve any ambiguities or doubts in favor of the plaintiff. *Fin. Acquisition Partners LP v. Blackwell*, 440 F.3d 278, 286 (5th Cir. 2006). The "strict standard of review under rule 12(b)(6) has been summarized as follows: 'The question

therefore is whether in the light most favorable to the plaintiff and with every doubt resolved in

his behalf, the complaint states any valid claim for relief.'" *Nottingham*, 499 F. App'x at 373

(citations omitted). "Under these strict standards, a motion to dismiss pursuant to Rule 12(b)(6)

'is viewed with disfavor and rarely granted.'" *Starr Indem. v. Premier Craneworks, LLC*, No.

1:22-cv-64-HSO-BWR, 2022 U.S. Dist. LEXIS 240528, at *7 (S.D. Miss. Nov. 1, 2022)

(quoting *Lowery v. Texas A&M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997)).

## ARGUMENT

## I.     PLAINTIFFS HAVE PLED SUFFICIENT FACTS TO STATE A SECTION 1983 CLAIM THAT IS PLAUSIBLE ON ITS FACE.

Defendant asserts that Plaintiffs' Complaint "*on its face* does not allege a claim for

Fourteenth Amendment Procedural Due Process Violation(s) arising under 42 U.S.C. § 1983 *i.e.*

[sic] that no State may deprive 'any person of life, liberty, or property, without due process of

law.'" Def.'s Br., Dkt. 11 at 11 (emphasis added). Thus, whether analyzed under Rule 12(b)(1)

or 12(b)(6), the issue is the same: Viewing the Complaint in the light most favorable to Plaintiffs

and accepting their well-pled allegations as true, have Plaintiffs plausibly pled sufficient facts to

state a Section 1983 claim? The answer is yes.[3]

Defendant's motion to dismiss Plaintiffs' Section 1983 claim rests entirely on the

assertion that Defendant did not violate Plaintiffs' Fourteenth Amendment procedural due

process rights because the Diversion Program provided Plaintiffs with proper notice and an

opportunity to be heard. Def's Br., Dkt. 11 at 2-11. As explained *infra*, the problem with

Defendant's argument is that nothing about the Diversion Program constitutes proper notice and

it is, at best, misleading about Plaintiffs' right to be heard.

"To state a Fourteenth Amendment due process claim under § 1983, 'a plaintiff must first

---

[3] All the factual allegations herein are pled in the Complaint, which is incorporated by reference.

identify a protected life, liberty or property interest and then prove that governmental action resulted in a deprivation of that interest.'" *Greene v. Greenwood Pub. Sch. Dist.*, 890 F.3d 240, 242 (5th Cir. 2018) (quoting *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010) (quoting *Baldwin v. Daniels*, 250 F.3d 943, 946 (5th Cir. 2001)).

### A.     Plaintiffs Identified Their Protected Interests.

In their Complaint, Plaintiffs identified at least two protected interests: (1) Plaintiffs' money and (2) Plaintiffs' property interests in their driver's licenses. *See*, *e.g.*, Complaint, Dkt. 1 at ¶ 114 (money) and ¶ 128 (driver's licenses).

Defendant does not dispute, and there can be no doubt, that Plaintiffs' and the putative Class' money constitutes life, liberty, or property, which cannot be taken from Plaintiffs without due process of law. *Price v. Pereira*, 172 So. 3d 1168, 1172-73 (Miss. App. 2014) (noting that enforcement of civil judgment [for money] can be attacked if obtained without due process of law) (quoting *Bass v. Hoagland*, 172 F.2d 205, 209 (5th Cir. 1949)).

Further, failure to comply with Defendant's unlawful Diversion Program can result in the suspension of Plaintiffs' and the putative Class' driver's licenses. As stated by a sister district court, "Once licenses are issued, as in petitioner's case, their continued possession may become essential in the pursuit of a livelihood. Suspension of issued licenses thus involves state action that adjudicates important interests of the licensees. *In such cases the licenses are not to be taken away without that procedural due process required by the Fourteenth Amendment.*" *Laudermilk v. Fordice*, 948 F. Supp. 596, 599 (N.D. Miss. 1996) (emphasis added) (quoting *Bell v. Burson*, 402 U.S. 535, 539 (1971)). *See also*, *Stinnie v. Holcomb*, 355 F. Supp. 3d 514, 528 (W.D. Va. 2018) ("A 'driver's license is a property interest protected by the Fourteenth Amendment and, once issued, a driver's license may not be taken away without affording a licensee procedural due process.'") (quoting *Scott v. Williams*, 924 F.2d 56, 58 (4th Cir. 1991)); *Plumer v. Maryland*,

915 F.2d 927, 931 (4th Cir. 1990) ("It is well settled that a driver's license is a property interest that may not be suspended or revoked without due process.").

**B.**     **Defendant Deprived Plaintiffs of Their Rights While Acting Under Color of State Law.**

"'Private individuals generally are not considered to act under color of law' except in 'certain circumstances, such as when a private person is involved in a conspiracy or participates in joint activity with state actors.'" *Land & Bay Gauging, L.L.C. v. Shor*, 623 F. App'x 674, 681-82 (5th Cir. 2015) (quoting *Ballard v. Wall*, 413 F.3d 510, 518 (5th Cir. 2005)). "A private person may qualify as a state actor 'because he is a state official, *because he has acted together with or has obtained significant aid from state officials, or because his conduct is otherwise chargeable to the State*.'" *Land & Bay Gauging*, 623 F. App'x at 682 (emphasis added) (quoting Ballard, 413 F.3d at 518)). *See also*, *Williamson v. Presbyterian Christian Sch., Inc.*, No. 2:18-CV-15-LG-MTP, 2018 U.S. Dist. LEXIS 234168, at *9 (S.D. Miss. Oct. 2, 2018) (private actor may be considered state actor if challenged conduct can be attributed to state).

Here, Defendant concedes facts that establish conclusively that it operated its Diversion Program under color of state law. For example, Defendant states:

- "All actions taken by Securix are done within the scope of the contract with the authority of the respective cities." Def.'s Br., Dkt. 11 at 2 (citing Plaintiffs' Complaint, Dkt. 1, ¶ 2). "All notices and actions taken as a result of said notices were authorized in accordance with said contracts." *Id*.

- All actions taken by Securix were done within the scope of the contract and under the authority of each municipality. *Id*. at 7 (citing Complaint, Dkt. 1, ¶ 2).

- All of [the aspects of Defendant's Diversion program] were approved and authorized by the respective City. *Id*. at 8 (citing Complaint, Dkt. 1, ¶¶ 2-6).

Unquestionably, Defendant acted under color of state law in the implementation and maintenance of the Diversion Program.

### C. Defendant's Diversion Program Does Not Provide Plaintiffs and the Putative Class With Proper Notice and an Appropriate Opportunity for Hearing.

"An essential principle of due process is that a deprivation of life, liberty, or property 'be preceded by notice and opportunity for hearing appropriate to the nature of the case.'" *Greene*, 890 F.3d at 242 (emphasis added) (quoting *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 542, 105 S. Ct. 1487, 84 L. Ed. 2d 494 (1985) (quoting *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 313, 70 S. Ct. 652, 94 L. Ed. 865 (1950)).

The required notice and opportunity to be heard must be provided "*at a meaningful time and in a meaningful manner.*" *Payne v. Univ. of S. Miss.*, No. 1:12-CV-41-KS-MTP, 2014 U.S. Dist. LEXIS 22052, at *14-16 (S.D. Miss. Feb. 21, 2014) (emphasis added) (quoting *Gibson v. Tex. Dep't of Ins. — Div. of Workers' Comp.*, 700 F.3d 227, 239 (5th Cir. 2012)). "The notice must convey the required information, and *must afford a reasonable time for those interested to make their appearance*." *Regions Bank v. Hyman*, 91 F. Supp. 3d 1234, 1243-44 (M.D. Fla. 2015) (emphasis added).

Defendant's Diversion Program fails procedural due process requirements both as to notice and an opportunity to be heard.

### 1. Defendant's ticketing system violates Mississippi law and does not constitute proper notice.

Defendant argues that its reliance on comparing license plate images with the Mississippi Insurance Verification System is sufficient to detect and prosecute violations of the Uninsured Vehicle Statutes as well as to send Tickets to vehicle owners like Plaintiffs.[4] Def.'s Br., Dkt. 11

---

[4] After the filing of their Complaint, Plaintiffs learned that the City of Senatobia, which purportedly issued Plaintiff Jones' Ticket, had filed a lawsuit on January 9, 2023, against the Mississippi Department of Public Safety seeking access to the Mississippi Insurance Verification System for the City and Securix. *City of Senatobia v. Mississippi Department of Public Safety*, No. 69CI1:23-cv-00016, Tate County, Mississippi Circuit Court. The complaint is attached to

at 8. Not so.

Law enforcement officers may issue a citation for violation of the Uninsured Vehicle Statutes only in connection with a roadblock used to enforce traffic laws or upon stopping a vehicle for some other statutory violation. Miss. Code Ann. § 63-15-4(3) ("However, no driver shall be stopped or detained solely for the purpose of verifying that the motor vehicle is covered by liability insurance in the amounts required under Section 63-15-3(j) unless the stop is part of such roadblock.") and Miss. Code Ann. § 63-16-5(3) ("Except upon reasonable cause to believe that a driver has violated another traffic regulation or that the driver's motor vehicle is unsafe or not equipped as required by law, a law enforcement officer may not use the [insurance] verification system to stop a driver for operating a motor vehicle in violation of this chapter.").

In blatant violation of these statutes, Defendant does not issue Tickets in conjunction with a roadblock or lawful stop. In fact, there is no stop at all. And Defendant concedes as much. "There is no 'stop' as alleged by the Plaintiffs." Def.'s Br., Dkt. 11 at 8 (citing Compl., Dkt. 1, ¶ 34.) Therefore, it is beyond dispute that Defendant's unlawful ticketing is not based on a roadblock or a stop. Defendant should not have mailed the Tickets to Plaintiffs and the putative Class in the first place.

> **2.    Defendant lacked probable cause for mailing the Tickets and Defendant makes numerous misrepresentations depriving Plaintiffs of a meaningful opportunity to be heard.**

The Uninsured Vehicle Statutes require motor vehicles to be insured. Miss. Code § 63-15-3(j). Further, "the insured parties" are responsible for maintaining said insurance. Miss. Code Ann. § 63-15-4(2)(a). Thus, the Uninsured Vehicle Statutes do not specify whether the vehicle

---

Plaintiffs' Response as Exhibit 1. Thus, Plaintiffs do not know, and now question, how Defendant formed a belief that probable cause existed that Plaintiff Jones violated the Uninsured Vehicle Statutes.

owner, driver, or some other person must maintain vehicle insurance; the only requirement is that the vehicle be insured. The Mississippi Attorney General confirmed this aspect of the statute:

> It is the opinion of this office that a violation of Section 63-15-4 occurs only when both the owner and operator fail to have proof of insurance. Therefore, if the operator has proof of insurance which covers his operation of the vehicle but the owner does not, there is no violation. Likewise, if the owner of the motor vehicle has proof of insurance in the vehicle but the operator does not, there is still no violation.

Op. Att'y Gen. No. 2015-00309, 2015 WL 6121922 (Sept. 4, 2015) (quoting Op. Miss. Att'y Gen., No. 2001-0052, 2001 WL 283638 (Feb. 9, 2001)).

Defendant concedes that its alleged probable cause is predicated on simply "comparing the [vehicle's] license plate image from the ALPRs against the Mississippi Insurance Verification System [and an] officer make[ing] a determination as to whether probable cause exists to issue a [Ticket]." Def.'s Br., Dkt. 11 at 8. The Tickets sent to Plaintiffs contain a sworn affidavit from an officer stating that "the named defendant *as owner* of the listed motor vehicle did willfully and unlawfully" violate the Uninsured Vehicle Statutes. Pl.'s Tickets, Dkt. 1-1, 1-2, and 1-3 (emphasis added). Contradicting himself, the same affiant states, "[B]ased on my inspection of recorded images and government information I have determined probable cause that *this vehicle* was in violation." *Id.* (emphasis added).

But, as the Mississippi Attorney General stated, "[I]f the operator has proof of insurance which covers his operation of the vehicle but the owner does not, there is no violation." Op. Att'y Gen. No. 2015-00309, 2015 WL 6121922 (Sept. 4, 2015) (quoting Op. Miss. Att'y Gen., No. 2001-0052, 2001 WL 283638 (Feb. 9, 2001)). Put simply, believing a vehicle is uninsured does not provide probable cause to believe that the vehicle owner has violated the Uninsured Vehicle Statutes. Defendant's "shoot and ask questions later" approach does not constitute probable cause.

Defendant's website, on the FAQ page, furthers this deception by stating, "Mississippi law states that the owner of a vehicle is responsible for insurance coverage of that vehicle, regardless of who is driving it unless the vehicle is stolen."[5] This misrepresentation, designed to be seen by ticketed vehicle owners, stands in direct contradiction to the Uninsured Vehicle Statutes and a Mississippi Attorney General opinion directly on point. "[I]f a person is driving someone else's vehicle, and neither the operator or the vehicle owner has insurance, the operator of the vehicle is in violation of the law and should be cited." Op. Att'y Gen. No. 2002-0422, 2002 WL 31169193 (Aug. 2, 2002). Defendant's misstatement falsely leads vehicle owners to believe that they are indeed liable, making a trial (the opportunity to be heard) pointless.

For the Tickets to constitute proper notice and afford vehicles an opportunity to be heard, they "must afford a reasonable time for those interested to make their appearance." *Regions Bank*, 91 F. Supp. 3d at 1243-44 (M.D. Fla. 2015).

Here, Plaintiff Divine received her Ticket on or about July 1, 2022, which was the *same day* as the court date listed in the Ticket. Compl., Dkt. 1, ¶¶ 47, 57; Dkt. 1-1.

Plaintiff Merchant received his Ticket in early August 2022, which set the court date for September 2, 2022; about thirty days from receipt of the Ticket. Compl., Dkt. 1, ¶¶ 61, 71; Dkt. 1-2.

Plaintiff Jones received his Ticket in early May 2023, which listed set his court date for May 9, 2023; at best, a mere eight days from receipt of the Ticket. Compl., Dkt. 1, ¶¶ 75, 85; Dkt. 1-3.

These facts establish a pattern of Defendant failing to give Plaintiffs and the putative Class reasonable time to prepare for trial. Further, the Tickets direct vehicle owners to

---

[5] https://courtstatus.com/faq/ (last visited on September 14, 2023).

Defendant's website, which states, "Mississippi law states that the owner of a vehicle is responsible for insurance coverage of that vehicle, regardless of who is driving it unless the vehicle is stolen."[6] This misrepresentation declares that, as a matter of Mississippi law, the vehicle owner is guilty. These facts establish that Defendant deprives Plaintiffs and the putative Class of their due process rights to proper notice and an appropriate opportunity to be heard.

### D. Defendant's Authorities Are Inapposite.

Citing the Supreme Court's decision in *Baker*, Defendant states that the Constitution "requires a procedural process securing certain protections for defendants when authorities act to deprive them of life, liberty, or property." Def's Br., Dkt. 11 at 10 (citing *Baker v. McCollan*, 443 U.S. 137, 145 (1979)). *Baker* actually supports Plaintiffs' claim. Discussing procedural due process rights, the Court stated that arrests shall be made "*only on probable cause.*" *Baker*, 443 U.S. at 145-46 (emphasis added). As discussed in Section I.C.2., *supra*, one of the bases for Plaintiffs' Section 1983 claim is that Defendant issued Tickets without the requisite probable cause.

Defendant cites *Karem v. Trump* to assert that complying with procedural due process is as simple as providing Plaintiffs with a "form of notice and some kind of opportunity to contest the decision." Def.'s Br., Dkt. 11 at 6 (quoting *Karem v. Trump* 404 F. Supp. 3d 203, 209 (D.D.C. 2019)). The issue in *Karem* was whether the defendants had violated the Fifth Amendment by depriving the plaintiff of his First Amendment liberty interest without due process. *Karem*, 404 F. Supp. 3d at 205.

Specifically, the plaintiff was a White House correspondent who claimed the White House Press Secretary "unlawfully suspended his hard pass as a punishment following his

---

[6] https://courtstatus.com/faq/ (last visited on September 14, 2023).

involvement in a brief verbal altercation in the Rose Garden." *Id*. The court found:

> [A]t this early stage of the proceedings (like here), [the plaintiff has] shown that
> he is likely to succeed on this due process claim, because the present record
> indicates that [the press secretary] failed *to provide fair notice* of the fact that
> a hard pass could be suspended under these circumstances. Meanwhile, Karem
> has shown that even the temporary suspension of his pass inflicts irreparable harm
> on his First Amendment rights. The Court therefore grants Karem's motion for a
> preliminary injunction and orders that his hard pass be restored while this lawsuit
> is ongoing.

*Id*. (Emphasis added.). The *Karem* case hurts, not helps, Defendant's argument.

The *Schafer* case provides Defendant no support either. In *Schafer*, property owners

sought an injunction "against enforcement of a City of New Orleans ordinance prohibiting the

issuance of building permits for fast-food restaurants in a certain neighborhood until the City

completes a study of the area." *Schafer v. New Orleans*, 743 F.2d 1086, 1087 (5th Cir. 1984).

The plaintiffs did not allege a violation of their Fourteenth Amendment rights or bring a Section

1983 claim. The plaintiffs merely contended that they were denied "property without due

process." *Schafer*, 743 F.2d at 1089.

The Fifth Circuit found that plaintiffs had received "procedural due process" because

"[t]hey had actual notice of the introduction of the ordinance, appeared at the hearing preceding

its adoption, and availed themselves of the opportunity to argue against its adoption." *Id*. Further,

the court found, "The ordinance does not take an inch of the landowners' property. It does not

deny them the right in the future to use the property for any purpose that it may now be put to."

*Id*. at 1090.

The facts in *Schafer* are a world away from the present case. Here, Plaintiffs are not

complaining about a zoning decision that did not go their way. Plaintiffs' allegations concern

Defendant's violations of several Mississippi statutes and its use of misleading documents and a

website with the sole purpose of denying Plaintiffs' Fourteenth Amendment due process rights

and depriving Plaintiffs of their money and potential use of their driver's licenses.

## II.    DISMISSAL OF PLAINTIFFS' SECTION 1983 CLAIM WILL NOT DEPRIVE THIS COURT OF JURISDICTION.

Defendant argues that dismissal of Plaintiffs' Section 1983 claim will divest this Court of jurisdiction and necessitate the dismissal of Plaintiffs' state law claims under 28 U.S.C. § 1367. Def.'s Br., Dkt. 11 at 12. Defendant's argument – indeed, the entirety of its motion to dismiss – fails because the Court also has jurisdiction under CAFA, 28 U.S.C. § 1332(d), because this case is a class action, the Class has more than 100 members, the amount in controversy exceeds $5,000,000, and Plaintiffs are citizens of a different state than Defendant. Compl., Dkt. 1, ¶ 9. *See also*, Plaintiffs' Response to the August 14, 2023 Order Directing Plaintiffs to File a Response Providing Citizenship of Defendant, Dkt. 6. In the response, Plaintiffs quoted an email from defense counsel that stated, "Securix has confirmed in writing to me that it is a privately held company and no members are residents of the State of Mississippi. Securix does maintain an office in Mississippi but it is not its principal place of business." Dkt. 6-1.

Therefore, even if the Court dismisses Plaintiffs' Section 1983 claim, the Court still has CAFA jurisdiction as well as supplemental jurisdiction to hear Plaintiffs' state law claims per 28 U.S.C. § 1367.

## III.   ANY DISMISSAL SHOULD BE WITHOUT PREJUDICE AND WITH LEAVE TO FILE AN AMENDED COMPLAINT.

At this early stage of the litigation, without the benefit of discovery, Plaintiffs have pled sufficient facts to plausibly state a Section 1983 claim. But, if the Court dismisses the claim, the dismissal should be without prejudice. "Because the dismissal of claims for lack of subject-matter jurisdiction is under Federal Rule of Civil Procedure 12(b)(1), dismissal is without prejudice." *United States Bank Nat'l Ass'n v. United States SBA*, No. 1:16cv299-HSO-JCG, 2017 U.S. Dist. LEXIS 129563, at *17 (S.D. Miss. Aug. 15, 2017).

A dismissal pursuant to Rule 12(b)(6) should also be without prejudice. *Winding v. Lard*, No. 3:13CV142 DPJ-FKB, 2013 U.S. Dist. LEXIS 81766, at *6 (S.D. Miss. June 11, 2013) ("The [Rule 12(b)(6)] motion to dismiss the original Complaint is therefore granted, but dismissal would be without prejudice and with leave to amend.") (citing *Hart v. Bayer Corp.*, 199 F.3d 239, 248 n.6 (5th Cir. 2000)).

## CONCLUSION

Based on the foregoing reasons and authorities, Plaintiff respectfully requests that the Court deny Defendant's motion to dismiss in its entirety.

DATED:          September 14, 2023.

PLAINTIFFS,

*s/ Brian K. Herrington*
Brian K. Herrington, MB# 10204
CHHABRA GIBBS & HERRINGTON PLLC
120 N. Congress St., Ste. 200
Jackson, MS 39201
T: 601-326-0820
F: 601-948-8010
bherrington@nationalclasslawyers.com

John G. (Trae) Sims, III, MB# 99679
SIMS LAW FIRM, PLLC
P.O. Box 54
Madison, MS 39130
745 HWY 51 - Suite D
Madison, MS 39110
T: 601-207-3732
trae@thesimslawfirm.com

Attorneys for Plaintiffs
