IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

AMY DIVINE; KARL MERCHANT; and
COLUMBUS JONES, on behalf of themselves
and all others similarly situated                   PLAINTIFFS

v.                   CIVIL ACTION NO. 1:23cv196 HSO-BWR

SECURIX, LLC                   DEFENDANT

## DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS

COMES NOW, Defendant, SECURIX, LLC by and through its Attorneys, Tim C. Holleman and Hollis T. Holleman, BOYCE HOLLEMAN AND ASSOCIATES, and files this its Reply in Support of Motion to Dismiss pursuant to Rule 12(b)(6), Fed. Rule Civ. Proc., or for lack of jurisdiction under Rule 12(b)(1), Fed. Rules Civ. Proc. as there is no "federal question", and in support thereof, Defendant would show unto the Court the following:

### I.
### INTRODUCTION

Nothing argued by the Plaintiffs in their response has changed anything. The Plaintiffs' Complaint still fails to state a claim upon which relief may be granted for violation of "14th Amendment Procedural Due Process." Plaintiffs were admittedly given "notice" of the alleged violations and reasonable opportunity to respond thereto. (See Exhibits 1, 2 and 3 to the Complaint). In fact, two of the Plaintiffs did respond to the notice and they chose how to resolve the same. One (Jones) did nothing. *Schafer v. City of New Orleans*, 743 F.2d 1086, 1089 (5th Cir. 1984) (citing *Cafeteria & Rest. Workers*

1

*Union, Loc. 473, AFL-CIO v. McElroy*, 367 U.S. 886, 894-95, 81 S. Ct. 1743, 1748, 6 L. Ed. 2d 1230 (1961); *Mathews*, 424 U.S. at 340-49, 96 S.Ct. 893); *see also Abraham v. City of Mandeville*, 638 F. Supp. 1108, 1113 (E.D. La. 1986), *aff'd*, 814 F.2d 657 (5th Cir. 1987) (finding plaintiffs' procedural due process claim without merit because "plaintiffs were given due notice of the many meetings of the Commission and the Council regarding the rezoning of the property" and explaining that "they had an adequate opportunity to participate and be heard."). The Plaintiffs on the face of their Complaint received "notice", the process and ultimately if they chose a hearing or not. "[P]rocedural due process is simply a guarantee of fair procedure." *Aponte-Rosario v. Acevedo-Vila*, 617 F.3d 1, 10 (1st Cir. 2010). And here, the Plaintiffs admittedly were provided notice and was afforded the opportunity to and at least two (2) (Divine and Merchant) did respond. Pursuant to *Schafer v. City of New Orleans*, the Plaintiff has "certainly received procedural due process. [The Plaintiff] had actual notice of the introduction of the ordinance, appeared at the hearing preceding its adoption, and availed themselves of the opportunity to argue against its adoption. This sufficed." *Schafer v. City of New Orleans*, 743 F.2d 1086, 1089 (5th Cir. 1984). Taking the Plaintiffs' Complaint in the light most favorable to the Plaintiffs, they got notice and a reasonable opportunity to respond, therefore Plaintiffs have failed to state a claim upon which relief may be granted for 14th Amendment Procedural Due Process.

In footnote 2, Plaintiffs attempt to downplay the "fact" that each of the Plaintiffs were, in fact, guilty of this alleged violation of Mississippi law, as stated in the Notices. (See Exhibits 1, 2, and 3 to the Complaint DKT#1). Each were guilty of violating Miss. Code § 63-15-4(2)(a) by their own admission, a misdemeanor and, *upon conviction*, were

punishable by a fine and suspension of driving privilege for a period of one (1) year and other penalties etc.

Here, Plaintiffs' Complaint alleges on its face EACH clearly got "notice" (Exhibits 1, 2, and 3 to the Complaint DKT#1) and were given a "process" (see Exhibits 1, 2, and 3 to the Complaint DKT#1) to follow, including clear instructions regarding their options. Therefore, the Complaint does not state a claim upon which relief may be granted for 14th Amendment Procedural Due Process Violation therefore should be dismissed.

Plaintiffs ignore any discussion regarding the "notices" they actually received and the "process" they were provided (See Exhibits 1, 2 and 3 attached to the Complaint) as "due process" for their admitted violation of Mississippi law. This is the central issue of the Motion to Dismiss and Plaintiffs have failed to even address such.

Instead, Plaintiffs seem to contend that possible defenses to the driving without the required insurance has anything to do with 14th Amendment Procedural Due Process. They do not. "Due process" is about notice and opportunity to be heard plain and simple.

### III.
### "No Road Block" or Stop

Plaintiffs first assert the "notice" "blatantly" violated Mississippi statutes because there was no "roadblock" or "stop" at which Plaintiffs' insurance was sought to be verified. It seems Plaintiffs contend you cannot get a "ticket" for no insurance unless you are stopped at a roadblock or stop for some other violation. It is difficult to understand Plaintiffs' purported interpretation of the two Mississippi statutes involved. Neither statute provides what Plaintiffs contend.

Miss. Code Ann. § 63-15-4(3) provides ("[h]owever, no driver **shall be stopped or detained solely for the purpose of verifying that the motor vehicle is covered by**

3

**liability insurance** in the amounts required under Section 63-15-3(j) unless the stop is part of such roadblock."). Here none of the Plaintiffs even allege they were "stopped or detained solely for the purpose of verifying that the motor vehicle is covered by liability insurance" or said stop was part of a roadblock. Miss. Code Ann. § 63-15-4(3) is not even applicable to this case.

Miss. Code Ann. § 63-16-5(3) also provides "[e]xcept upon reasonable cause to believe that a driver has violated another traffic regulation or that the driver's motor vehicle is unsafe or not equipped as required by law, a law enforcement officer may not use the [insurance] verification system **to stop a driver** for operating a motor vehicle in violation of this chapter.". Here none of the Plaintiffs even allege the Defendant "use[d] the [insurance] verification system to stop a driver for operating a motor vehicle in violation of this chapter". None of the Plaintiffs were stopped at all. Miss. Code Ann. § 63-16-5(3) is not even applicable to this case.

Not sure how Plaintiffs' counsel can read these two statutes to assert they were "blatantly violated". As clearly, there was "no stop" at all and there was no roadblock, therefore neither statute is applicable here.[1]. Clearly, the only thing prohibited by these statutes is a law enforcement officer cannot "stop" someone **solely** for violating insurance requirements using the insurance verification system unless at a roadblock. Such was not done here nor is such even alleged to have been done. Regardless while such **might** be a defense to a charge of owning a vehicle without the required insurance, such has nothing to do with a "14th Amendment Procedural Due Process" claim.

---

[1] Plaintiffs attached a copy of a Complaint in *City of Senatobia v. Mississippi Department of Public Safety*, No. 69CI1:23-cv-00016, Tate County, Mississippi Circuit Court. Declaratory Judgment has now been entered in that case, upholding the use of the "insurance verification" system by the City of Senatobia. See Exhibit A attached hereto.

Plaintiffs' next assertion is equally misplaced. Plaintiffs assert that IF another person was operating the Plaintiffs' respective vehicles who had insurance applicable to their operation thereof, then that insurance would satisfy the insurance requirements. <u>While such may be true</u>, such has no application to the subject Complaint. In fact, as part of the "notice" each Plaintiffs received, they were advised to provide "proof" of insurance. IF the Plaintiffs had provided either proof, they had insurance at the time or the operator had insurance applicable to the vehicle at the time, then such would have ended the inquiry. A process was established to provide exactly that insurance information i. e. due process. In this case, Plaintiffs admit they did not have the required insurance and have never even contended or alleged[2] someone else with insurance applicable was driving their motor vehicle. Regardless while such **might** be a defense to a charge of driving without the required insurance, such has nothing to do with a "14th Amendment Procedural Due Process" claim.

Without the first authority cited in support of such, Plaintiffs also argue there can be no "probable cause" because Plaintiffs asserts either the "owner" or operator can have the required insurance and Defendant didn't know which occurred. "Probable cause" simply means "less than evidence which would justify condemnation, but more than bare suspicion." *Henry v. State,* 486 So.2d 1209, 1212 (Miss.1986); *Evans v. State*, 899 So.2d 890, 894 (Miss.App.,2004). It is undisputed that Plaintiffs' motor vehicles were being operated on the public roadways in the respective cities on the alleged dates involved, the tag readers established such and two of the Plaintiffs (Divine and Merchant) admitted such. It also undisputed each vehicle's tag was checked against the Mississippi

---

[2] The Complaint makes no such allegation.

5

Insurance Verification System and determined not to have insurance on file therewith. Such is clearly sufficient "probable cause" to send a "notice" to the motor vehicle owner, the Plaintiffs and ask for proof of insurance. The Court should take note the "notice" clearly advises the owner that if they had insurance, in effect or applicable at the time, please provide proof of such and the records would be corrected. If not, (they didn't have insurance) the Plaintiffs were given two choices 1.) enter the diversion program voluntarily or 2) request a hearing date on the allegation in the Affidavit. Regardless while lack of "probable cause" might be a defense to a charge of driving without the required insurance, such has nothing to do with a "14th Amendment Procedural Due Process" claim.

IV.

Reasonable Time to Respond

Plaintiffs next claim the notice "must afford a reasonable time for those interested to make their appearance" to satisfy due process. Plaintiffs complain they didn't get sufficient notice. However, the notices they actually received attached to the Complaint disproves such.

Divine allegedly received her notice on July 1, 2022[3] the same date as the "due date" shown thereon. Despite such Divine was able to respond and actually voluntarily chose to enter the diversion program.

Merchant got his notice approximately 30 days[4] before the "due date". Merchant was likewise able to respond and actually chose to enter and complete the diversion

---

[3] Defendant does not control the United States mail or how often the Plaintiff checks her mail.
[4] Obviously, the notices are mailed well in advance as shown by Merchants and Jones being received approximately 30 and 8 days before the "due date". While Divine claims she only got same day notice, there is no explanation why? Defendant is not responsible for the U. S Mail; however, Merchant and Jones' notice show that reasonable time was given. Further Divine was able to respond regardless.

program. Jones got his notice approximately 8 days before the "due date". Jones chose to do nothing and nothing has happened to him[5]. Importantly, Divine and Merchant were able to respond in the time frame they received the notices without issue. This claim is simply without basis and refuted by the notices and the Plaintiffs themselves.

III.

Pendant jurisdiction

A court may decline supplemental jurisdiction over pendant state law claims if the federal claims are dismissed. The court must consider judicial economy, convenience, fairness, and comity in deciding whether to exercise supplemental jurisdiction. *See Metropolitan Wholesale Supply, Inc. v. M/V Royal Rainbow*, 12 F. 3d 58, 61 (5th Cir. 1994). In the Fifth Circuit, the general rule is to dismiss state law claims when the federal claims to which they are pendant are dismissed. *See Enochs v. Lampasas Cnty.*, 641 F.3d 155, 161 (5th Cir. 2011).

This Court should decline to entertain Plaintiffs' state law claims based upon pendant jurisdiction under 28 U. S. C. § 1367 because their federal claim should be dismissed for the reasons state above.

Plaintiffs' assertion of a "class" action under CAFA, 28 U. S. C. § 1332(d) has not been addressed in the subject Motion to Dismiss and should this matter proceed further than the subject Motion Defendant reserves its right to contest and address the same by separate Motion.

---

[5] Defendant submits that this litigation has unfortunately caused the city's issues and prevented follow through on these charges where the owner has refused to respond.

## V.

## With Prejudice

Plaintiffs' claims for violation of 14th Amendment Procedural Due Process, must be dismissed with prejudice. Plaintiffs have had a "fair opportunity to make [their] case," additional pleadings would be futile and wasteful. *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 566 (5th Cir. 2003) (quoting *Jacquez v. Procunier*, 801 F.2d 789, 792–93 (5th Cir. 1986)). Plaintiff cannot make them better. Bottom line is Plaintiffs got notice (Exhibits 1, 2, and 3 to the Complaint) and an opportunity to and two Plaintiffs did, in fact, respond. 14th Amendment Procedural Due Process is about a "fair procedure", "*usually in the form of notice and some kind of opportunity to contest the decision.*" *Karem v. Trump*, supra.; *Aponte-Rosario v. Acevedo-Vila*, 617 F.3d 1, 10 (1st Cir. 2010). Plaintiffs clearly got both based on their own allegations. No amount of pleading can change what is apparent on the face of the Complaint and in Plaintiffs Response to the Motion to Dismiss, therefore the 14th Amendment Procedural Due Process should be dismissed with prejudice.

Pursuant to Fed. Rules Civ Proc. Rule 12(b)(6) "COUNT I of the Complaint alleging violation of 42 U.S.C. § 1983 for "Fourteenth Amendment Procedural Due Process Violation must be dismissed for failure to state a claim under which relief may be granted with prejudice. Or alternatively, under Fed. Rules Civ Proc. Rule 12(b)(1) there is a lack of jurisdiction and the Complaint should likewise be dismissed.

## CONCLUSION

The Complaint with Exhibits itself demonstrates the basic problem for the Plaintiffs' procedural due process claims. They got "notice" and an "*opportunity to contest the*

*decision.*" *Karem v. Trump*, supra.  Plaintiffs clearly got both based on their own allegations.  Pursuant to Fed. Rules Civ Proc. Rule 12(b)(6) "COUNT I of the Complaint alleging violation of 42 U.S.C. § 1983 for "Fourteenth Amendment Procedural Due Process Violation must be dismissed for failure to state a claim under which relief may be granted with prejudice.  Or alternatively, under Fed. Rules Civ Proc. Rule 12(b)(1) there is a lack of jurisdiction and the Complaint should likewise be dismissed.  This Court should decline to entertain Plaintiffs' state law claims based upon pendant jurisdiction under 28 U. S. C. § 1367 because their federal claim should be dismissed for the reasons state above.

WHEREFORE PREMISES CONSIDERED, Defendant, Securix LLC, respectfully moves this Court grant its Motion to Dismiss pursuant to Rules 12(b)(6 and/or 12(b)(1) Fed. Rules Civ Proc. Rule and dismiss all of Plaintiffs claims, including declining to entertain Plaintiffs' state law claims based upon pendant jurisdiction under 28 U. S. C. § 1367, and for all additional and appropriate relief.

Respectfully submitted, this the 19th day of September 2023.

                SECURIX, LLC, Defendant

                By and through its attorneys

                BOYCE HOLLEMAN & ASSOCIATES

                By: /s Tim C. Holleman

Tim C. Holleman (MS Bar #2526)
Hollis T. Holleman (MS Bar #105692)
BOYCE HOLLEMAN & ASSOCIATES
1720 23rd Ave./Boyce Holleman Blvd.
Gulfport, MS 39501
Telephone: (228) 863-3142
Facsimile: (228) 863-9829
Email: tim@boyceholleman.com
      hollis@boyceholleman.com

CERTIFICATE OF SERVICE

I, Tim C. Holleman, do hereby certify that I have this day filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to all counsel of record.

This the 19th day of September 2023.

/s Tim C. Holleman

Tim C. Holleman (MS Bar #2526)
Hollis T. Holleman (MS Bar #105692)
BOYCE HOLLEMAN & ASSOCIATES
1720 23rd Ave./Boyce Holleman Blvd.
Gulfport, MS 39501
Telephone: (228) 863-3142
Facsimile: (228) 863-9829
Email: tim@boyceholleman.com
　　　　hollis@boyceholleman.com