IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | |
|---|---|
| AMY DIVINE; KARL MERCHANT; and COLUMBUS JONES, on behalf of themselves and all others similarly situated, | PLAINTIFFS |
| v. | CIVIL ACTION NO.: 1:23cv196 HSO-BWR |
| SECURIX, LLC | DEFENDANT |

## PLAINTIFFS' RESPONSE TO ORDER DIRECTING PLAINTIFFS TO SHOW CAUSE WHETHER SUBJECT MATTER EXISTS AND WHETHER YOUNGER ABSTENTION SHOULD APPLY

### INTRODUCTION

On August 23, 2024, the Court entered its Order Directing Plaintiffs To Show Cause Whether Subject Matter Exists and Whether Younger Abstention Should Apply ("Order"). [15]. The Order requires Plaintiffs to address two issues: (1) whether the *Rooker-Feldman* doctrine "precludes this Court from exercising subject-matter jurisdiction over this case" and (2) whether *Younger* abstention applies to any of Plaintiffs' claims. Order [15] at 17-18 and 21.

Regarding both issues, the Court directed Plaintiffs to address whether any state court proceedings have been brought against each Plaintiff, the status and results of any such proceedings, how Defendant's diversion program works, the nature of any diversion agreements that Plaintiffs signed, and the status of each Plaintiff's participation in any diversion program. Order [15] at 17 and 21.

Because they are relevant to the analysis of both the *Rooker-Feldman* doctrine and *Younger* abstention, Plaintiffs will first address the issues regarding the status of any state court proceedings and Defendant's diversion program. Plaintiffs will then show that neither the *Rooker-Feldman* doctrine nor *Younger* abstention applies.

1

## STATUS OF ANY STATE COURT PROCEEDINGS

Each Plaintiff received what purports to be a Uniform Traffic Ticket ("Ticket"), but no state court proceeding has been brought against any Plaintiff.[1] Thus, for each Plaintiff, no state court proceeding is pending and there has been no adjudication of any Plaintiff's Ticket.

Indeed, the municipal clerk's office for the cities of Senatobia and Ocean Springs confirmed that, as of September 4, 2024, Plaintiffs' Tickets had not even been docketed with the municipal court. *See* Thornton Decl., attached hereto as Exhibit 2, [16-2].

## DEFENDANT'S DIVERSION PROGRAM

**I.     How The Diversion Program Works.[2]**

Through its diversion program, Defendant offers to detect, "ticket," and collect fees from vehicle owners whom Defendant believes are operating uninsured vehicles on public roadways in violation of Miss. Code Ann. § 63-15-4(2)(a). As set out in Defendant's May 19, 2021 contract ("Contract") with the City of Ocean Springs, Mississippi, Defendant agreed to "provide all requirements necessary, on behalf of [the City], to monitor and enforce mandatory vehicle insurance, and issue and collect on Notices of Liability [Tickets] . . . ." Contract [16-1] at 2.

---

[1] For ease of discussion, Plaintiffs refer to the document or notice as "Ticket." Plaintiffs dispute that the document or notice is a legitimate citation. Indeed, Defendant's contract with the City of Ocean Springs refers to the Tickets as "Notices of Liability." *See* Contract, attached hereto as Exhibit 1, [16-1] at 2. Page number references refer to the page numbers assigned by the Court's CM/ECF system. Plaintiff does not possess a copy of Defendant's contract with the city of Senatobia, but, on information and belief, Plaintiffs assert that the contracts are materially similar.

[2] Citing Plaintiffs' Complaint [1], the Order contains many details about Defendant's diversion program. Order [15] at 2-6. Plaintiff will not repeat those details here, but will provide further information not contained in the Complaint. Plaintiffs are not attempting to introduce new facts into the record. Plaintiffs are attempting to comply with the Court's Order to describe how the diversion program works beyond the facts contained in the Order. Further, Plaintiffs note that no discovery has occurred in this case. Discovery will yield further facts about the diversion program.

The Tickets contain Defendant's, not the city's or the police department's, phone number and website, which vehicle owners can use to provide proof of insurance or to "accept diversion and pay a program fee instead of court fines and fees." Divine Ticket [1.1]. To "accept diversion," vehicle owners need do nothing more than pay the $300 fee and watch a "short online course." Defendant does not require vehicle owners to sign any documents to enter or complete the diversion program. Defendant collects the fees and remits 50% to the City daily. Contract [16-1] at 14.

The diversion program allows for two other revenue streams for Defendant. If the City decides to pursue "collection efforts for delinquent notices," Defendant will provide the collection efforts in exchange for "30% of collections in addition to [Defendant]'s standard fees outlined in Exhibit A, Schedule of Payments." Contract [16-1] at 5, ¶ 4.4. Second, the Contract allows Defendant to maintain a database, for use by insurance companies, containing "the contact details of those vehicle owners who have failed to pay, appear or, in any other manner honor their obligations under the law." *Id.* at 6, ¶ 7. To access the database, Defendant charges the insurers "a small fee to cover those costs." *Id.*

## II.     The Nature of Any Diversion Agreements That Plaintiffs Signed.

Defendant did not offer to Plaintiffs a written diversion agreement and Plaintiffs did not sign any diversion agreement.

## III.    The Status of Each Plaintiff's Participation in Any Diversion Program.

Plaintiff Divine paid $100 toward the $300 diversion fee. She did not sign or receive any documents other than a receipt for her payment. She paid nothing further and retained counsel.

Plaintiff Merchant paid the $300 diversion fee before retaining counsel. He did not sign or receive any documents other than a receipt for his payment.

Plaintiff Jones has made no payments. He has not signed or received any documents

3

regarding the Ticket or the diversion program.

## THE *ROOKER-FELDMAN* DOCTRINE

The Court ordered Plaintiffs to address the *Rooker-Feldman* doctrine to determine whether Plaintiffs' Complaint is an impermissible collateral attack on judgments rendered against them in "any proceedings arising out of their citations." *Id*. at 17.

The *Rooker-Feldman* doctrine applies only to cases in which "the losing party in state court filed suit in federal court *after the state proceedings ended*, complaining of an injury caused by the state-court judgment and seeking review and rejection of that judgment." *Miller v. Dunn*, 35 F. 4th 1007, 1010 (5th Cir. 2022) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 291 (2005) (emphasis in original)). "The Court admonished lower courts for 'constru[ing] [the doctrine] to extend far beyond the contours of the *Rooker* and *Feldman* cases, overriding Congress' conferral of federal-court jurisdiction concurrent with jurisdiction exercised by state courts." *Miller*, 35 F. 4th at 1010-11 (quoting *Exxon Mobil*, 544 U.S. at 283)).

Here, no state court proceeding has been brought against any Plaintiff. Thus, for each Plaintiff, no state court proceeding is pending and there has been no adjudication of any Plaintiff's Ticket. Indeed, the municipal clerk's office for the cities of Senatobia and Ocean Springs confirmed that, as of September 4, 2024, Plaintiffs' Tickets had not even been docketed with the municipal court. *See* Thornton Decl. [16-2]. In short, no state court has entered a judgment against any Plaintiff regarding the Tickets. Plaintiffs are not seeking to collaterally attack an adverse state court judgment or order and, therefore, the *Rooker-Feldman* doctrine does not preclude the Court from exercising subject matter jurisdiction over Plaintiffs' claims.

Citing Miss. Code § 99-15-101, *et seq.*, the Court stated, "Mississippi has enacted a statute establishing a diversion program." Order [15] at 17 n.7. The statute, known as The Pretrial Intervention Act, allows pretrial diversion programs only for circuit court allegations.

Miss. Code. Ann. § 99-15-105(1) ("Each district attorney, with the consent of a circuit court judge of his district, shall have the prosecutorial discretion as defined herein and may as a matter of such prosecutorial discretion establish a pretrial intervention program in the circuit court districts." *See also* Op. Att'y Gen. 2004-0144, 2004 WL 1171833 (April 2, 2004) (Pretrial Intervention Act does not authorize misdemeanor defendants in municipal court to be placed in Circuit Court pretrial diversion program). While the Mississippi Legislature could have allowed municipal defendants to participate in pretrial diversion programs, it chose not to do so. Thus, no city in Mississippi may operate a pretrial diversion program without statutory authority, because municipal courts are enacted by the Legislature and have powers only through statutory authority. Op. Att'y Gen. 1985 WL 70767 (Dec. 13, 1985); Cf Op. Att'y Gen. 2020-00121, 2020 WL 8026077 (Sept. 29, 2020) ("Because the Legislature has addressed the issue of veterans treatment courts [for circuit courts], without reference to municipal courts, we are of the opinion that a municipal court may not, on its own, establish such a court.").

Further, Defendant's Tickets instruct recipients to take a "short online course" to prevent the alleged violation from going on their record. *See, e.g.*, Divine Ticket [1-1]. But Mississippi law does not allow enrollment in traffic safety courses for allegedly operating a vehicle without insurance. Enrollment in traffic safety courses is limited to offenses "under chapters 3, 5 or 7" of Title 63 of the Mississippi Code, but driving without insurance is listed in chapter 15 of Title 63 of the Mississippi Code. *See* Miss. Code. Ann.§ 63-9-11(3)(a)(v); *see also* Miss. Code. Ann.§ 63-15-4.

Even if the Tickets were eligible for diversion, Defendant's diversion program does not meet the statutory requirements of Miss. Code Ann. 63-9-11(3). The statute mandates that drivers must file an affidavit confirming no prior convictions in the past three years, ensure their

driving record shows no prior traffic safety course completions in that period, and pay all required fines and costs. Miss. Code. Ann. § 63-9-11(3)(a). Additionally, the course must be court-approved, provide at least four hours of instruction, and meet specific curriculum and instructor standards. Miss. Code. Ann. § 63-9-11(3)(d).

No statutory authority exists that would allow Defendant to dismiss their Tickets based on completion of a diversion program. In fact, Mississippi law provides for only two instances in which municipal court judges may dismiss traffic tickets. Neither instance applies here. First, under Miss. Code Ann. § 99-15-26, a judge may withhold acceptance of a guilty plea and dismiss a ticket if the driver meets certain conditions. Miss. Code Ann. § 99-15-26. Defendant's diversion program does not meet these criteria as it is pre-adjudication, extrajudicial, and includes statutorily unauthorized conditions.

Second, Miss. Code Ann. § 99-15-51 permits dismissal by a municipal court judge only on the motion of the prosecuting attorney and after a court hearing. Miss. Code. Ann.§ 99-15-51. A traffic ticket can only be dismissed in accordance with Section 99-15-51 of the Mississippi Code. *See* Op. Att'y Gen. 1993-0099, 1993 WL 669198 (March 3, 1993); Op. Att'y Gen. 1992-614351, 1992 WL 614351 (Dec. 17, 1992) ("Dismissal of a misdemeanor before trial can take place only in accordance with [Miss. Code. Ann.§ 99-15-51], which provides that the court may dismiss a prosecution of a misdemeanor on motion of the prosecuting attorney.").

Defendant's diversion program does not meet the requirements of the Pretrial Intervention Act or any of the statutes discussed above. Put simply, statutory authority does not allow law enforcement or private companies, like Defendant, to dismiss tickets in exchange for payment without a hearing.

## *YOUNGER* ABSTENTION

The Court directed Plaintiffs to address *Younger* abstention to determine if Plaintiffs'

6

request for injunctive relief "may involve 'requests for injunctive relief based upon constitutional challenges to state criminal proceedings pending at the time [Plaintiffs'] federal action [was] instituted.'" Order [15] at 21 (quoting *Texas Ass'n of Bus. v. Earle*, 388 F.3d 515, 518 (5th Cir. 2004)).

"In general, the *Younger* doctrine requires that federal courts decline to exercise jurisdiction over lawsuits when three conditions are met: (1) the federal proceeding would interfere with an 'ongoing state judicial proceeding'; (2) the state has an important interest in regulating the subject matter of the claim; and (3) the plaintiff has 'an adequate opportunity in the state proceedings to raise constitutional challenges.'" *Bice v. La. Pub. Def. Bd.*, 677 F.3d 712, 716 (5th Cir. 2012) (quoting *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)).

Here, the Court need look no further than the first requirement to decide that *Younger* abstention does not apply. There simply is no "ongoing state judicial proceeding" against any Plaintiff – civil or criminal – that the present federal proceeding would interfere with. *See Steffel v. Thompson*, 415 U.S. 452, 462 (1974) ("When no state criminal proceeding is pending at the time the federal complaint is filed, federal intervention does not result in duplicative legal proceedings or disruption of the state criminal justice system; nor can federal intervention, in that circumstance, be interpreted as reflecting negatively upon the state court's ability to enforce constitutional principles."). Thus, *Younger* is inapplicable and the Court should not abstain from exercising jurisdiction over Plaintiffs' claims.

## CONCLUSION

Based on the foregoing reasons and authorities, Plaintiffs respectfully request that the Court find that neither the *Rooker-Feldman* doctrine nor *Younger* abstention applies.

DATED: September 5, 2024.

PLAINTIFFS,

*s/ Brian K. Herrington*
Brian K. Herrington, MB# 10204
Rogen K. Chhabra, MB# 99131
CHHABRA GIBBS & HERRINGTON PLLC
120 N. Congress St., Ste. 200
Jackson, MS 39201
T: 601-326-0820
F: 601-948-8010
bherrington@nationalclasslawyers.com
rchhabra@nationalclasslawyers.com

John G. (Trae) Sims, III, MB# 99679
SIMS LAW FIRM, PLLC
P.O. Box 54
Madison, MS 39130
745 HWY 51 - Suite D
Madison, MS 39110
T: 601-207-3732
trae@thesimslawfirm.com

Attorneys for Plaintiffs