IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

AMY DIVINE; KARL MERCHANT; and
COLUMBUS JONES, on behalf of themselves
and all others similarly situated                          PLAINTIFFS


v.                                CIVIL ACTION NO. 1:23cv196 HSO-BWR


SECURIX, LLC                                              DEFENDANT

---

## ANSWER AND DEFENSES

---

COMES NOW, Defendant, SECURIX, LLC (hereinafter referred to as "Defendant" or "Securix"), by and through its Attorneys, Tim C. Holleman and Hollis T. Holleman, BOYCE HOLLEMAN AND ASSOCIATES, and files this its ANSWER AND DEFENSES TO THE AMENDED COMPLAINT (DKT#1) and in support thereof, Defendant would show unto the Court the following:

### FIRST DEFENSE
I.

There is a lack of subject matter jurisdiction over the Plaintiffs' state law claims.

### SECOND DEFENSE
II.

The Complaint fails to state a claim upon which relief may be granted for any violations of 42 U.S.C. § 1983. Defendant incorporates by reference MEMORANDUM OPINION AND ORDER granting in part and denying in part Defendant Securix, LLC's Motion [10] to Dismiss [DKT#20].

1

THIRD DEFENSE

III.

Pursuant to *Federal Rule of Civil Procedure 12(b)(4)* the Complaint fails in whole or in part, to state a claim upon which relief may be granted or for which the relief or recovery sought can be awarded to Plaintiffs or the members of the putative class.

FOURTH DEFENSE

IV.

Pursuant to *Federal Rule of Civil Procedure 12(b)(1)* Plaintiffs' complaint should be dismissed because this Court lacks subject matter jurisdiction under the Class Action Fairness Act of 2005 ("CAFA"). Under CAFA, there is a lack of subject-matter jurisdiction over class actions based on state-law claims as there is no diversity of citizenship between the Plaintiffs and the Defendant much less "minimal diversity". All actions and/or notices are admittedly sent only to Mississippi licensed drivers therefore residents of Mississippi and the Defendant, Securix LLC, is a Mississippi limited liability company whose members

FIFTH DEFENSE

V.

Plaintiffs state law claims are barred by the applicable statute of limitations.

SIXTH DEFENSE

VI.

Plaintiffs have failed to add necessary and indispensable parties to this action, to wit: The City of Ocean Springs, Mississippi.

SEVENTH DEFENSE

VII.

Plaintiffs' purported claims and those of the members of the putative class they purport to represent are barred, in whole or in part, by the applicable statutes of limitations and/or by the equitable doctrines of laches, unclean hands, waiver and

estoppel.

## EIGHTH DEFENSE
### VIII.

There a lack of jurisdiction as the Plaintiffs' claims do not meet the amount in controversy under 28 U.S.C.A. § 1332(d).

## NINTH DEFENSE
### XI.

Defendant at all times acted in good faith toward Plaintiffs and the members of the putative class they purport to represent with the reasonable belief that its actions complied with applicable state laws, and at no time willfully violated any of the laws pursuant to which Plaintiffs bring the instant action on behalf of themselves or the putative class.

## TENTH DEFENSE
### X.

Plaintiffs are not adequate representatives of the putative class that they purport to represent and, as such, should not be part of any action under state law or CAFA.

## ELEVENTH DEFENSE
### XI.

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs cannot satisfy the statutory and/or other prerequisites to proceed as a class under Rule 23 of the Federal Rules of Civil Procedure, including inter alia, numerosity, common questions of law or fact, typicality, superiority of maintaining the instant action as a class action, and their ability to fairly and adequately protect the interests of the class they purport to represent, and further because Plaintiffs' claims and the claims of each member of the putative class require independent and individual analysis.

## TWELVETH DEFENSE
### XII.

Plaintiffs' claims for monetary relief and any claims for monetary relief alleged on

behalf of the putative class they purport to represent are barred in whole or in part because they have not suffered any injury or damage as a result of any act or omission allegedly taken by Defendant and, in fact, the Plaintiffs all admit they were guilty of violating the law of the State of Mississippi by operating a motor vehicle while uninsured.

## THIRDTEENTH DEFENSE
### XIII.

Plaintiffs' request for injunctive relief fails to state a claim and should be dismissed because there is no risk of irreparable injury or harm. Plaintiffs have an adequate remedy at law.

## FOURTEENTH DEFENSE
### XIV.

Defendant intends to rely upon any other defense that may become available during the proceedings in this case, and hereby reserves its right to amend its Answer to assert any such defenses. Defendant does not knowingly or intentionally waive any applicable defense and reserves the right to assert and rely on such other applicable defenses as may become available or apparent during the course of the proceedings. Defendant further reserves the right to amend its Answer and/or defenses accordingly, and/or delete defenses that it determines are not applicable, during the course of the proceedings.

## ANSWER

NOW Answering the Plaintiffs Complaint paragraph by paragraph the Defendant would respond as follows:

1.     The allegations of paragraph 1 are denied and Defendant demands strict proof thereof.

2.      The allegations of paragraph 2 are denied and Defendant demands strict proof thereof.

3.      The allegations of paragraph 3 are denied and Defendant demands strict proof thereof.

4.      The allegations of paragraph 4 are denied and Defendant demands strict proof thereof.

5.      The allegations of paragraph 5 are denied and Defendant demands strict proof thereof.

6.      The allegations of paragraph 6 are denied and Defendant demands strict proof thereof.

7.      The allegations of paragraph 7 are denied and Defendant demands strict proof thereof.

8.      The allegations of paragraph 8 are denied and Defendant demands strict proof thereof.

9.      The allegations of paragraph 9 are denied and Defendant demands strict proof thereof.

10.     The allegations of paragraph 10 are denied and Defendant demands strict proof thereof.

11.     The allegations of paragraph 11 are denied and Defendant demands strict proof thereof.

12.     The allegations of paragraph 12 are denied and Defendant demands strict proof thereof.

13.     The allegations of paragraph 13 are denied and Defendant demands strict proof

thereof.

14.    The allegations of paragraph 14 are denied and Defendant demands strict proof thereof.

15.    The allegations of paragraph 15 are denied and Defendant demands strict proof thereof.

16.    The allegations of paragraph 16 are denied and Defendant demands strict proof thereof.

17.    The allegations of paragraph 17 are denied and Defendant demands strict proof thereof.

18.    The allegations of paragraph 18 are denied and Defendant demands strict proof thereof.

19.    The allegations of paragraph 19 are denied and Defendant demands strict proof thereof.

20.    The allegations of paragraph 20 are denied and Defendant demands strict proof thereof.

21.    The allegations of paragraph 21 are denied and Defendant demands strict proof thereof.

22.    The allegations of paragraph 22 are denied and Defendant demands strict proof thereof.

23.    The allegations of paragraph 23 are denied and Defendant demands strict proof thereof.

24.    The allegations of paragraph 24 are denied and Defendant demands strict proof thereof. Defendant would affirmatively show that Mississippi is, in fact, not one of

those states.

25. The allegations of paragraph 25 are denied and Defendant demands strict proof thereof. Defendant would affirmatively show that ALPRs "in conjunction with a traffic control signal or radar speed detection equipment or both and designed to record images that depict the license plate attached to the rear of a motor vehicle that is not operated in compliance with instructions of the traffic control signal or the posted speed limit as set forth in Miss. Code Ann.§ 17-26-19(2).

26. The allegations of paragraph 26 are denied and Defendant demands strict proof thereof. The Attorney General for the State of Mississippi has issued an official opinion dated August 30, 2024, directly refuting the assertions and claims of the Plaintiffs as alleged in paragraph 26 and elsewhere.

27. The allegations of paragraph 27 are denied and Defendant demands strict proof thereof.

28. The allegations of paragraph 28 are denied and Defendant demands strict proof thereof.

29. The allegations of paragraph 29 are denied and Defendant demands strict proof thereof. Defendant would affirmatively show unto the Court that Plaintiffs all admit that on or about the dates alleged for each Plaintiffs, they were violating Mississippi law by owning or operating a motor vehicle in the respective cities without having motor vehicle liability insurance at the time in violation of Miss. Code § 63-15-4(2)(a). Such is not in dispute.

30. The allegations of paragraph 30 are denied and Defendant demands strict proof thereof. Defendant would affirmatively show unto the Court that Plaintiffs all admit

that on or about the dates alleged for each Plaintiffs, they were violating Mississippi law by owning or operating a motor vehicle in the respective cities without having motor vehicle liability insurance at the time in violation of Miss. Code § 63-15-4(2)(a). Such is not in dispute.

31. The allegations of paragraph 31 are denied and Defendant demands strict proof thereof.

32. The allegations of paragraph 32 are denied and Defendant demands strict proof thereof. Defendant would affirmatively show unto the Court that Plaintiffs all admit that on or about the dates alleged for each Plaintiffs, they were violating Mississippi law by owning or operating a motor vehicle in the respective cities without having motor vehicle liability insurance at the time in violation of Miss. Code § 63-15-4(2)(a). Such is not in dispute.

33. The allegations of paragraph 33 are denied and Defendant demands strict proof thereof.

34. The allegations of paragraph 34 are denied and Defendant demands strict proof thereof. However it is admitted that the Plaintiffs were not stopped at all as part of a traffic violation or not.

35. The allegations of paragraph 35 are denied and Defendant demands strict proof thereof.

36. The allegations of paragraph 36 are denied and Defendant demands strict proof thereof.

37. The allegations of paragraph 37 are denied and Defendant demands strict proof thereof.

38. The allegations of paragraph 38 are denied and Defendant demands strict proof thereof.

39. The allegations of paragraph 39 are denied and Defendant demands strict proof thereof.

40. The allegations of paragraph 40 are denied and Defendant demands strict proof thereof.

41. The allegations of paragraph 41 are denied and Defendant demands strict proof thereof.

42. The allegations of paragraph 42 are denied and Defendant demands strict proof thereof.

43. The allegations of paragraph 43 are denied and Defendant demands strict proof thereof.

44. The allegations of paragraph 44 are denied and Defendant demands strict proof thereof.

45. The allegations of paragraph 45 are denied and Defendant demands strict proof thereof.

46. The allegations of paragraph 46 are denied and Defendant demands strict proof thereof.

47. The allegations of paragraph 47 are denied and Defendant demands strict proof thereof.

48. The allegations of paragraph 48 are denied and Defendant demands strict proof thereof.

49. The allegations of paragraph 49 are denied and Defendant demands strict proof

thereof.

50. The allegations of paragraph 50 are denied and Defendant demands strict proof thereof.

51. The allegations of paragraph 51 are denied and Defendant demands strict proof thereof.

52. The allegations of paragraph 52 are denied and Defendant demands strict proof thereof.

53. The allegations of paragraph 53 are denied and Defendant demands strict proof thereof.

54. The allegations of paragraph 54 are denied and Defendant demands strict proof thereof.

55. The allegations of paragraph 55 are denied and Defendant demands strict proof thereof.

56. The allegations of paragraph 56 are denied and Defendant demands strict proof thereof.

57. The allegations of paragraph 57 are denied and Defendant demands strict proof thereof.

58. The allegations of paragraph 58 are denied and Defendant demands strict proof thereof.

59. The allegations of paragraph 59 are denied and Defendant demands strict proof thereof.

60. The allegations of paragraph 60 are denied and Defendant demands strict proof thereof.

61. The allegations of paragraph 61 are denied and Defendant demands strict proof thereof.

62. The allegations of paragraph 62 are denied and Defendant demands strict proof thereof.

63. The allegations of paragraph 63 are denied and Defendant demands strict proof thereof.

64. The allegations of paragraph 64 are denied and Defendant demands strict proof thereof.

65. The allegations of paragraph 65 are denied and Defendant demands strict proof thereof.

66. The allegations of paragraph 66 are denied and Defendant demands strict proof thereof.

67. The allegations of paragraph 67 are denied and Defendant demands strict proof thereof.

68. The allegations of paragraph 68 are denied and Defendant demands strict proof thereof.

69. The allegations of paragraph 69 are denied and Defendant demands strict proof thereof.

70. The allegations of paragraph 70 are denied and Defendant demands strict proof thereof.

71. The allegations of paragraph 71 are denied and Defendant demands strict proof thereof.

72. The allegations of paragraph 72 are denied and Defendant demands strict proof

thereof.

73.     The allegations of paragraph 73 are denied and Defendant demands strict proof thereof.

74.     The allegations of paragraph 74 are denied and Defendant demands strict proof thereof.

75.     The allegations of paragraph 75 are denied and Defendant demands strict proof thereof.

76.     The allegations of paragraph 76 are denied and Defendant demands strict proof thereof.

77.     The allegations of paragraph 77 are denied and Defendant demands strict proof thereof.

78.     The allegations of paragraph 78 are denied and Defendant demands strict proof thereof.

79.     The allegations of paragraph 79 are denied and Defendant demands strict proof thereof.

80.     The allegations of paragraph 80 are denied and Defendant demands strict proof thereof.

81.     The allegations of paragraph 81 are denied and Defendant demands strict proof thereof.

82.     The allegations of paragraph 82 are denied and Defendant demands strict proof thereof.

83.     The allegations of paragraph 83 are denied and Defendant demands strict proof thereof.

84.    The allegations of paragraph 84 are denied and Defendant demands  strict proof
       thereof.

85.    The allegations of paragraph 85 are denied and Defendant demands  strict proof
       thereof.

86.    The allegations of paragraph 86 are denied and Defendant demands  strict proof
       thereof.

87.    The allegations of paragraph 87 are denied and Defendant demands  strict proof
       thereof.

88.    The allegations of paragraph 88 are denied and Defendant demands  strict proof
       thereof.

89.    The allegations of paragraph 89 are denied and Defendant demands  strict proof
       thereof.

90.    The allegations of paragraph 90 are denied and Defendant demands  strict proof
       thereof.

91.    The allegations of paragraph 91 are denied and Defendant demands  strict proof
       thereof.

92.    The allegations of paragraph 92 are denied and Defendant demands  strict proof
       thereof.

93.    The allegations of paragraph 93 are denied and Defendant demands  strict proof
       thereof.

94.    The allegations of paragraph 94 are denied and Defendant demands  strict proof
       thereof.

95.    The allegations of paragraph 95 are denied and Defendant demands  strict proof

thereof.

96.	The allegations of paragraph 96 are denied and Defendant demands strict proof thereof.

97.	The allegations of paragraph 97 are denied and Defendant demands strict proof thereof.

98.	The allegations of paragraph 98 are denied and Defendant demands strict proof thereof.

99.	The allegations of paragraph 99 are denied and Defendant demands strict proof thereof.

100.	The allegations of paragraph 100 are denied and Defendant demands strict proof thereof.

101.	The allegations of paragraph 101 are denied and Defendant demands strict proof thereof.

102.	The allegations of paragraph 102 are denied and Defendant demands strict proof thereof.

103.	The allegations of paragraph 103 are denied and Defendant demands strict proof thereof.

104.	The allegations of paragraph 104 are denied and Defendant demands strict proof thereof.

105.	The allegations of paragraph 105 are denied and Defendant demands strict proof thereof.

106.	The allegations of paragraph 106 are denied and Defendant demands strict proof thereof.

107. The allegations of paragraph 107 are denied and Defendant demands strict proof thereof.

108. The allegations of paragraph 108 are denied and Defendant demands strict proof thereof.

109. The allegations of paragraph 109 are denied and Defendant demands strict proof thereof. Further, the Defendant incorporates herein the Memorandum Opinion And Order Granting In Part And Denying In Part Defendant Securix, LLC'S Motion [10] To Dismiss, dismissing this claim with prejudice. [DKT#20].

110. Out of an abundance of caution the allegationsof paragraph 110 are denied and Defendant demands strict proof thereof.

111. Out of an abundance of caution the allegationsof paragraph 111 are denied and Defendant demands strict proof thereof.

112. Out of an abundance of caution the allegationsof paragraph 112 are denied and Defendant demands strict proof thereof.

113. Out of an abundance of caution the allegationsof paragraph 113 are denied and Defendant demands strict proof thereof.

114. Out of an abundance of caution the allegationsof paragraph 114 are denied and Defendant demands strict proof thereof.

115. Out of an abundance of caution the allegationsof paragraph 115 are denied and Defendant demands strict proof thereof.

116. Out of an abundance of caution the allegationsof paragraph 116 are denied and Defendant demands strict proof thereof.

117. Out of an abundance of caution the allegationsof paragraph 117 are denied and

Defendant demands strict proof thereof.

118. Out of an abundance of caution the allegationsof paragraph 118 are denied and Defendant demands strict proof thereof.

119. Out of an abundance of caution the allegationsof paragraph 119 are denied and Defendant demands strict proof thereof.

120. Out of an abundance of caution the allegationsof paragraph 120 are denied and Defendant demands strict proof thereof.

121. Out of an abundance of caution the allegationsof paragraph 121 are denied and Defendant demands strict proof thereof.

122. Out of an abundance of caution the allegationsof paragraph 122 are denied and Defendant demands strict proof thereof.

123. Out of an abundance of caution the allegationsof paragraph 123 are denied and Defendant demands strict proof thereof.

124. The allegations of paragraph 124 are denied and Defendant demands strict proof thereof.

125. The allegations of paragraph 125 are denied and Defendant demands strict proof thereof.

126. The allegations of paragraph 126 are denied and Defendant demands strict proof thereof.

127. The allegations of paragraph 127 are denied and Defendant demands strict proof thereof.

128. The allegations of paragraph 128 are denied and Defendant demands strict proof thereof.

129. The allegations of paragraph 129 are denied and Defendant demands strict proof thereof.

130. The allegations of paragraph 130 are denied and Defendant demands strict proof thereof.

131. The allegations of paragraph 131 are denied and Defendant demands strict proof thereof.

132. The allegations of paragraph 132 are denied and Defendant demands strict proof thereof.

133. The allegations of paragraph 133 are denied and Defendant demands strict proof thereof.

134. The allegations of paragraph 134 are denied and Defendant demands strict proof thereof.

135. The allegations of paragraph 135 are denied and Defendant demands strict proof thereof.

136. The allegations of paragraph 136 are denied and Defendant demands strict proof thereof.

137. The Defendant denies each and every allegation of the Complaint not specifically admitted, including any headings and/or subparagraphs.

138. The Defendant denies the allegations of the last unnumbered paragraph beginning with "WHEREFORE, Plaintiffs, together with each subpart thereof and denies that the Plaintiffs are entitled to the relief prayed for or any relief whatsoever.

## FIFTEENTH DEFENSE
### XV.

Defendant would show that any award of punitive damages to Plaintiffs in this case would be in violation of the constitutional rights and safeguards provided to it under the Constitution of the State of Mississippi and the Constitution of the Defendant including, without limitation, that there are no constraining limitations in considering the imposition or amount of punitive damages, there are no meaningful trial court and appellate review mechanisms to constitutionally confirm any punitive damage award, imposition of a punitive damage award would allow a verdict tainted by passion and prejudice, and Plaintiffs impermissibly seeks punitive damages which bear no constitutional relationship to the alleged actual amount in question.

## SIXTHTEENTH DEFENSE
### XVI.

Imposition of punitive damages in this case would constitute a violation of Defendant's constitutional rights under the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution.

## SEVENTEENTH DEFENSE
### XVII.

Imposition of punitive damages in this case would constitute a violation of due process and/or would be a violation of the statutory law of this state providing for a penalty. Plaintiffs is not entitled to an award of punitive damages absent strict compliance with Miss. Code Ann. § 11-1- 65.

## EIGHTTEENTH DEFENSE
### XVIII.

Any award of punitive damages in this case would violate the constitutional rights and safeguards provided to Defendant under the due process clause of the Fourteenth Amendment and/or Fifth Amendment to the Constitution of the United States of America and/or under the due process clause of Article III, Section 14 of the

Constitution of the State of Mississippi, in that punitive damages and any method of which they might be assessed are unconstitutionally vague and not rationally related to a legitimate government interest.

## NINTHTEENTH DEFENSE
### XIX.

Any award of punitive damages in this case would violate the procedural and/or substantive safeguards provided to Defendant under the Fifth, Sixth, Eighth, and/or Fourteenth Amendments to the Constitution of the United States and/or under Article III, Sections 14 and 26 of the Constitution of the State of Mississippi, in that punitive damages are penal in nature and, consequently, Defendant is entitled to the same procedural and substantive safeguards afforded to criminal Defendants.

## TWENTH DEFENSE
### XX.

Defendant avers that it would violate the self-incrimination clause of the Fifth Amendment to the Constitution of the United States of America and/or Article III, Section 26 of the Constitution of the State of Mississippi, to impose punitive damages against it, which are penal in nature, yet compel it to disclose potentially incriminating documents and evidence.

## TWENTYFIRST DEFENSE
### XXI.

It is a violation of the rights and safeguards guaranteed by the Constitution of the United States of America and/or the Constitution of the State of Mississippi to impose punitive damages against Defendant which are penal in nature by requiring a burden of proof on Plaintiffs which are less than the "beyond a reasonable doubt" burden of proof required in criminal cases.

## TWENTYSECOND DEFENSE
### XXII.

Defendant avers that any award of punitive damages to Plaintiffs in this case will violate the Eighth Amendment to the Constitution of the United States and/or Article III, Section 28 of the Constitution of the State of Mississippi, in that said punitive damages would be an imposition of an excessive fine.

## TWENTYTHIRDDEFENSE
### XXIII.

It would be unconstitutional to award any punitive damages as such would violate the Fifth and Fourteenth Amendments to the United States Constitution and Article III, Section 14 of the Mississippi State Constitution in that:

(1) Said damages are intended to punish and deter Defendant and thus this proceeding is essentially criminal in nature;

(2) Defendant is being compelled to be witnesses against itself in a proceeding essentially and effectively criminal in nature, in violation of its rights to due process;

(3) Plaintiffs' burden of proof to establish punitive damages in this proceeding, effectively criminal in nature, are less than the burden of proof required in other criminal proceedings, and thus violates Defendant's rights to due process;

(4) That inasmuch as this proceeding is essentially and effectively criminal in nature, Defendant is being denied the requirement of notice of the elements of the offense and the law and the authorities authorizing punitive damages are sufficiently vague and ambiguous so as to be in violation of the due process clause of the Fifth Amendment and/or the Fourteenth Amendment of the United

States Constitution and also in violation of Article III, Section 14 of the Constitution of the State of Mississippi.

WHEREFORE, PREMISES CONSIDERED, Defendant files this its Answer and Defenses to the Complaint filed herein and upon jury trial here on request judgment be entered against the Plaintiffs and in favor of the Defendant and Defendant be awarded its costs and attorneys' fees incurred in defense thereof.

Respectfully submitted, this the 1st day of October 2024.

SECURIX, LLC, Defendant

By and through its attorneys

BOYCE HOLLEMAN & ASSOCIATES

By: /s Tim C. Holleman

CERTIFICATE OF SERVICE

I, Tim C. Holleman, do hereby certify that I have this day filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to all counsel of record.

This the 13th day of September 2024.

/s Tim C. Holleman

Tim C. Holleman (MS Bar #2526)
Hollis T. Holleman (MS Bar #105692)
BOYCE HOLLEMAN & ASSOCIATES
1720 23rd Ave./Boyce Holleman Blvd.
Gulfport, MS 39501
Telephone: (228) 863-3142
Facsimile: (228) 863-9829
Email: tim@boyceholleman.com
        hollis@boyceholleman.com