IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

AMY DIVINE; KARL MERCHANT; and
COLUMBUS JONES, *on behalf of themselves
and all others similarly situated*                          PLAINTIFFS

v.                         CIVIL ACTION NO. 1:23-cv-00196-HSO-BWR

SECURIX, LLC                                                 DEFENDANT

## ORDER DENYING WITHOUT PREJUDICE
## MOTION TO WITHDRAW AS COUNSEL

This cause is before the Court on the Motion for Withdrawal of Counsel [38] filed by attorney Tim C. Holleman, current counsel of record for Defendant SECURIX, LLC. SECURIX, LLC does not oppose the Motion. The Motion for Withdrawal of Counsel will be denied without prejudice and Defendant, SECURIX, LLC given a deadline of February 25, 2025 to have substitute counsel enter an appearance. After this deadline, Movant may file a renewed motion to withdraw as counsel for SECURIX, LLC.

While it is established that individuals have a statutory right to represent themselves under 28 U.S.C. § 1654 ("parties may plead and conduct their own cases personally or by counsel"), the same is not so for corporations, limited liability companies, and associations because they are not natural persons. Corporations, limited liability companies, and associations are fictional legal persons who can only plead and conduct their case through licensed counsel. *See Rowland v. California Men's Colony,* 506 U.S. 194, 201-02 (1993); *see also Memon v. Allied Domecq QSR,* 385 F.3d 871, 873 (5th Cir. 2004); *see also Rowland and Donovan v. Road Rangers*

1

*Country Junction, Inc.*, 736 F.2d 1004, 1005 (5th Cir. 1984). "This is so even when the person seeking to represent the corporation is its president and major stockholder." *In re K.M.A., Inc.*, 652 F.2d 398, 399 (5th Cir. 1981).

SECURIX, LLC cannot plead or conduct its own defense without counsel. To ensure that SECURIX, LLC is not laboring under a misconception about the possible consequences of granting the instant Motion for Withdrawal of Counsel, SECURIX, LLC will be provided an opportunity to retain substitute counsel before the Court will consider allowing Movant to withdraw from representing SECURIX, LLC. SECURIX, LLC is warned that it must have substitute counsel enter an appearance on its behalf on or before February 25, 2025. *See Memon,* 385 F.3d at 874 ("In virtually every case in which a district court dismissed the claims (or struck the pleadings) of a corporation that appeared without counsel, the court expressly warned the corporation that it must retain counsel or formally ordered it to do so before dismissing the case."); *see also Donovan,* 736 F.2d at 1005 (finding district court properly struck defenses after corporate representative declined to hire counsel to represent the corporation). Movant remains as counsel for SECURIX, LLC. Upon entry of appearance by new counsel, Defendant, SECURIX, LLC will have fourteen days to respond to outstanding discovery.

**IT IS, THEREFORE, ORDERED** that the unopposed Motion for Withdrawal of Counsel [38] is **DENIED WITHOUT PREJUDICE** and SECURIX, LLC given a deadline of February 25, 2025 to have substitute counsel enter an appearance. After

this deadline, Movant may file a renewed motion to withdraw as counsel for SECURIX, LLC.

**IT IS, FURTHER, ORDERED** that upon entry of appearance by new counsel, Defendant, SECURIX, LLC will have fourteen (14) days to respond to outstanding discovery.

**IT IS, FURTHER, ORDERED** that the Movant is responsible for providing a copy of this Order to SECURIX, LLC.

**SO ORDERED**, this the 23rd day of January, 2025.

*s/ Bradley W. Rath*
BRADLEY W. RATH
UNITED STATES MAGISTRATE JUDGE