IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**AMY DIVINE, KARL MERCHANT, and**                                                                            **PLAINTIFFS**
**COLUMBUS JONES, on behalf of themselves**
**and all others similarly situated**

**v.**                                                    **CIVIL ACTION NO.: 1:23cv196 HSO-BWR**

**SECURIX, LLC**                                                                                             **DEFENDANT**

**PLAINTIFFS' MOTION TO AMEND CERTAIN CLASS-RELATED DEADLINES**

      Plaintiffs Amy Divine, Karl Merchant, and Columbus Jones, on behalf of themselves and all others similarly situated ("Plaintiffs"), file their Motion to Amend Certain Class-Related Deadlines and state the following:

      1.      On October 24, 2024, the Court entered its Text Only Scheduling Order ("Scheduling Order"), which set the deadlines for completion of class-related discovery as January 17, 2025, and the filing of Plaintiffs' class certification motion as February 18, 2025.

      2.      On December 12, 2024, defense counsel Tim Holleman filed motions to withdraw as attorney for Defendant [35], for an extension of time for Defendant to respond to Plaintiffs' class-related discovery [36], and to extend discovery deadlines [37].

      3.      On December 13, 2024, the Court entered its Text Only Order, which, *inter alia*, extended the deadlines for completion of class-related discovery to February 18, 2025, and the filing of Plaintiffs' class certification motion to March 18, 2025.

      4.      On January 23, 2025, the Court entered its Order Denying Without Prejudice Motion to Withdraw as Counsel. [41.] The Court established February 25, 2025, as the deadline for Defendant to have substitute counsel enter an appearance. [*Id.* at 3.] Further, the Court ordered that upon entry of appearance of Defendant's new counsel, Defendant would have

1

fourteen (14) days – until March 11, 2025 – to respond to outstanding discovery. [*Id.*]

5. The deadlines for the completion of class-related discovery and for the filing of Plaintiffs' motion for class certification have not been extended accordingly. These deadlines remain February 18, 2025, and March 18, 2025, respectively.

6. The current deadlines are highly prejudicial to Plaintiffs. For example, the February 18, 2025 deadline for the completion of class-related discovery expires three weeks *prior to* Defendant's March 11, 2025 deadline to respond to Plaintiffs' class-related written discovery. It is conceivable that Defendant could take the position that once Defendant serves its responses – regardless of how deficient they may be – that Defendant is under no further discovery obligation because the class-related discovery deadline passed three weeks prior. For the same reason, Defendant could argue that it is not required to sit for a class-related deposition.[1] Further, Plaintiffs would have to file their motion for class certification only one week after receiving Defendant's written discovery responses.

7. Thus, Plaintiffs respectfully request that the deadlines for the completion of class-related discovery and for the filing of Plaintiffs' motion for class certification be extended proportionately to the above-described extensions. Specifically, Plaintiffs request the following new deadlines:

    a. Deadline for the completion of class-related discovery: April 25, 2025.

    b. Deadline for Plaintiffs' motion for class certification: May 26, 2025.[2]

---

[1] Given that Defendant is in the process of seeking new counsel, Plaintiffs have not been able to schedule the deposition much less take it.

[2] Plaintiffs' class certification motion would be due thirty (30) days after the close of class-related discovery, which is the same amount of time afforded Plaintiffs in the Scheduling Order.

8. Plaintiffs proposed deadlines (1) would allow time for Plaintiffs to meet and confer with Defendant should Plaintiffs believe any of Defendant's responses are deficient, and seek Court intervention if the parties are not able to resolve all issues, (2) would allow time for Plaintiffs to take Defendant's class-related deposition, and (3) would allow Plaintiffs sufficient time to file their motion for class certification.

9. Plaintiffs' counsel consulted with Defendant's current counsel regarding the present motion. Given that Defendant is seeking new counsel, Plaintiffs could not ascertain whether Defendant has an objection to Plaintiffs' requested relief.

10. Based on the foregoing, Plaintiffs request that the Court grant Plaintiffs' motion and extend the deadlines for the completion of class-related discovery and for the filing of Plaintiffs' motion for class certification to April 25, 2025, and May 26, 2025, respectively.

Respectfully submitted, this the 17th day of February 2025.

PLAINTIFFS,

*s/ Brian K. Herrington*
Brian K. Herrington, MB# 10204
Rogen K. Chhabra, MB# 99131
CHHABRA GIBBS & HERRINGTON PLLC
120 N. Congress St., Ste. 200
Jackson, MS 39201
T: 601-326-0820
F: 601-948-8010
bherrington@nationalclasslawyers.com
rchhabra@nationalclasslawyers.com

John G. (Trae) Sims, III, MB# 99679
SIMS LAW FIRM, PLLC
P.O. Box 54
Madison, MS 39130
745 HWY 51 - Suite D
Madison, MS 39110
T: 601-207-3732
trae@thesimslawfirm.com

Attorneys for Plaintiffs and the Putative Class