IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

AMY DIVINE; KARL MERCHANT; and
COLUMBUS JONES, *on behalf of themselves
and all others similarly situated*                                                    PLAINTIFFS

v.                         CIVIL ACTION NO. 1:23-cv-00196-HSO-BWR

SECURIX, LLC                                                 DEFENDANT

## ORDER GRANTING MOTION TO WITHDRAW

BEFORE THE COURT is the third Motion to Withdraw [43] filed by Tim C. Holleman and Boyce Holleman & Associates. Plaintiffs and SECURIX, LLC do not oppose the Motion [43]. The Motion to Withdraw [43] will be granted and Tim C. Holleman and Boyce Holleman & Associates withdrawn and terminated as counsel of record for SECURIX, LLC. SECURIX, LLC is given a final deadline of March 25, 2025 to obtain counsel and have that counsel enter an appearance in this matter and until April 1, 2025 to respond to all outstanding discovery. The deadline for the completion of class-related discovery remains April 25, 2025, and the deadline for the motion for class certification remains May 27, 2025.

On December 12, 2024, Counsel for SECURIX, LLC, filed an Unopposed Motion to Withdraw [35]. On December 13, 2024, the Court, through a Text Only Order, denied the Motion to Withdraw [35] without prejudice because Counsel failed to comply with Local Uniform Civil Rule 83.1(b)(3). Text Only Order, December 13, 2024.

On December 15, 2024, Counsel for SECURIX, LLC filed a Second Unopposed Motion to Withdraw With Notice to the Defendant, SECURIX, LLC [38]. In that

1

Motion [38], it was represented to the Court that "Defendant has advised it is seeking new counsel." Mot. [38] at 1. On January 23, 2025, the Court entered an Order [41] denying without prejudice the Motion to Withdraw [38]. The Court noted that "[c]orporations, limited liability companies, and associations are fictional legal persons who can only plead and conduct their case through licensed counsel" and that SECURIX, LLC "cannot plead or conduct its own defense without counsel." Ord. [41] at 1-2.

In its January 23, 2025 Order [41], the Court also informed SECURIX, LLC of Fifth Circuit precedent where the district court dismissed the claims or struck the pleadings of a corporation that appeared without counsel, warning the corporation that it must retain counsel or ordering it to do so before dismissal. *Id.* at 2; *see Memon v. Allied Domecq QSR,* 385 F.3d 871, 874 (5th Cir. 2004); *see also Rowland and Donovan v. Rd. Rangers Country Junction, Inc.,* 736 F.2d 1004, 1005 (5th Cir. 1984). The Court gave SECURIX, LLC a deadline of February 25, 2025 to have substitute counsel enter an appearance on its behalf before the Court would consider the Motion to Withdraw [38]. The Court held that after the February 25, 2025 deadline, Counsel for SECURIX, LLC may file a renewed motion to withdraw as counsel.

The February 25, 2025 deadline passed without substitute counsel entering an appearance on behalf of SECURIX, LLC. On February 26, 2025, Counsel for SECURIX, LLC filed the instant third Motion to Withdraw [43]. The Motion [43] was not signed by SECURIX, LLC. *See* L.U. Civ. R. 83.1(b)(3). However, the matter was duly noticed for an in-person hearing on March 18, 2025 to give the parties an

2

opportunity to be heard. *See* Notice of Hearing, March 10, 2025. SECURIX, LLC's authorized representative, Mr. Jonathan Miller, appeared at the hearing and participated. The Court finds that SECURIX, LLC received adequate notice of the hearing. At the in-person hearing on the Motion to Withdraw [43], Mr. Jonathan Miller informed the Court that SECURIX, LLC did not oppose the Motion [43]. Plaintiff also withdrew any opposition to the Motion. *See* Notice [48].

Mr. Holleman and Mr. Jonathan Miller informed the Court that they had reached an impasse in the attorney-client relationship. Mr. Holleman and Mr. Jonathan Miller indicated that material conflicts had arisen between Mr. Tim C. Holleman, his law firm Boyce Holleman & Associates, and SECURIX, LLC. SECURIX, LLC has been on notice since December 15, 2024, that its Counsel was seeking to withdraw. It has been more than ninety days since the December 15, 2024 Motion to Withdraw [38] was filed and SECURIX, LLC has not secured substitute counsel.

Courts have uniformly held that 28 U.S.C. § 1654 does not allow corporations, partnerships, or associations to appear in federal court other than through a licensed attorney. *Memon,* 385 F.3d at 873. Courts have applied this same rule to limited liability companies. *See Yanmar Am. Corp. v. Vina Tractor Co.*, No. 3:12-cv-2479-M, 2013 WL 12123943, at * 1 (N.D. Tex. Mar. 20, 2013) ("LLCs may not represent themselves in federal court."); *Spivey v. Absentia Pictures LLC*, No. 3:19-cv-1256-N-BT, 2019 WL 7842415, at *1 (N.D. Tex. Nov. 15, 2019), *R. & R. adopted,* No. 3:19-cv-1256-N-BT, 2019 WL 7842426 (N.D. Tex. Dec. 20, 2019) ("An LLC may not represent

itself in federal court."); *Am. Safety LLC v. Alger*, No. 20-3451, 2021 WL 1753808, at *1 (E.D. La. May 4, 2021); *AHBP LLC v. Lynd Co.*, No. SA-22-cv-00096-XR, 2023 WL 367704, at *2 (W.D. Tex. Jan. 23, 2023) ("It is well established that a limited liability company is a fictional legal person who can only be represented by licensed counsel.").

Mr. Jonathan Miller testified that SECURIX, LLC is a limited liability company incorporated in the State of Delaware with its principal place of business in Georgia. *See also* Compl. [1] at 3. At the in-person Motion [43] hearing on March 18, 2025, with Mr. Jonathan Miller present in the Courtroom, the Court again warned SECURIX, LLC that limited liability companies and corporations may not proceed *pro se* in federal court. *See* Ord. [41]. SECURIX, LLC was further warned that it must retain counsel by March 25, 2025. In addition, SECURIX, LLC was warned that the failure to retain counsel may result in SECURIX, LLC being prohibited from supporting or opposing designated claims or defenses, the striking of SECURIX, LLC's pleadings, the entry of a default judgment against SECURIX, LLC, treating as contempt of court the failure to obey an order, and/or an order to pay reasonable expenses, including attorney's fees caused by SECURIX, LLC's failure to obey a Court order. *See* Fed. R. Civ. P. 37.

The Court finds that the Motion to Withdraw [43] should be granted and Tim C. Holleman and Boyce Holleman & Associates withdrawn and terminated as counsel of record for SECURIX, LLC. *See Morreau Combat, LLC v. Morreau*, No. 1:17-cv-00123-LG-RHW, 2018 WL 9618064, at *1 (S.D. Miss. Apr. 26, 2018). SECURIX, LLC will be permitted until March 25, 2025 to obtain substitute counsel and have that

4

counsel enter an appearance and until April 1, 2025 to respond to all outstanding discovery. The deadline for the completion of class-related discovery remains April 25, 2025, and the deadline for the motion for class certification remains May 27, 2025.

**IT IS, THEREFORE, ORDERED** that the Motion to Withdraw [43] is granted and that Tim C. Holleman and Boyce Holleman & Associates are withdrawn and terminated as counsel of record for SECURIX, LLC.

**IT IS, FURTHER, ORDERED** that Defendant SECURIX, LLC shall have until March 25, 2025, to obtain substitute counsel and have that counsel enter an appearance in this matter and until April 1, 2025 to respond to all outstanding discovery.

**IT IS, FURTHER, ORDERED** that the deadline for the completion of class-related discovery remains April 25, 2025, and the deadline for the motion for class certification remains May 27, 2025.

**IT IS, FURTHER, ORDERED** that the Movant is responsible for providing a copy of this Order to SECURIX, LLC.

**SO ORDERED**, this the 20th day of March, 2025.

*s/ Bradley W. Rath*
BRADLEY W. RATH
UNITED STATES MAGISTRATE JUDGE