**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

**AMY DIVINE, KARL MERCHANT, and**     **PLAINTIFFS**
**COLUMBUS JONES, on behalf of themselves**
**and all others similarly situated**

**v.**     **CIVIL ACTION NO.: 1:23cv196 HSO-BWR**

**SECURIX, LLC**     **DEFENDANT**

## PLAINTIFFS' RESPONSE TO JANUARY 5, 2026 SHOW CAUSE ORDER

On January 5, 2026, this Court denied Plaintiffs' motion for class certification and ordered Plaintiffs to show cause on or before January 19, 2026, "whether the Court retains original jurisdiction under CAFA, or whether some other ground for original federal subject-matter jurisdiction exists." Doc. 56 at 25–26. As discussed below, while this Court denied Plaintiffs' class certification motion, this Court retains subject matter jurisdiction under CAFA because post-filing events, including the denial of class certification, does not deprive this Court of subject matter jurisdiction. Plaintiffs also respectfully request leave to refile their motion for class certification to cure the deficiencies that the Court identified in its Memorandum Opinion, and, specifically, to propose a narrower class limited to the Defendant's operations in the state of Mississippi.

      **A.**     **This Court Has Subject Matter Jurisdiction Under CAFA**

"CAFA greatly expands federal jurisdiction over interstate class action lawsuits." *Hollinger v. Home State Mut. Ins. Co.*, 654 F.3d 564, 569 (5th Cir. 2011). A federal court has original jurisdiction under CAFA "to hear interstate class actions where: (1) the proposed class contains more than 100 members; (2) minimal diversity exists between the parties (*i.e.,* at least one plaintiff and one defendant are from different states); (3) the amount in controversy exceeds $5,000,000; and (4) the primary defendants are not states, state officials, or other governmental entities." *Id.*

1

Plaintiffs have satisfied each of these requirements. The proposed class—even if limited to Defendant's operations in Mississippi—contains more than 100 members. In their class certification motion, Plaintiffs provided evidence that Defendant issued diversion tickets to approximately 6,000 people in the first few months of its operations in the City of Ocean Springs alone. Doc. 52 at ECF. This Court recently, too, found that "the proposed class likely encompasses thousands of individuals who are geographically disbursed" throughout the state of Mississippi. *See* Doc. 56 at ECF 8.

Minimal diversity between the Plaintiffs and Defendants also exists. "Whether diversity jurisdiction exists is determined by examining the citizenship of the parties at the time suit was filed." *Harris v. Black Clawson Co.*, 961 F.2d 547, 549 (5th Cir. 1992). A corporation is "deemed to be a citizen of every State and foreign state by which it has been incorporated." 28 U.S.C. § 1332(c)(1). "[L]ike limited partnerships and other unincorporated associations or entities, the citizenship of a LLC is determined by the citizenship of all of its members." *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008).

At the time Plaintiffs filed their complaint, all Plaintiffs were diverse from the Defendant in this case. "Plaintiffs are citizens of the state of Mississippi," *see* Doc. 6, whereas Defendant Securix, LLC is a Delaware corporation, *see* Doc. 6-4, with its principal place of business outside Mississippi, *see* Doc. 6-1. At the time Plaintiffs filed their complaint, Defendant admitted that "no members are residents of the State of Mississippi." *See* Doc. 6-1.

The amount in controversy also exceeds $5 million. The Fifth Circuit has held "that the amount in controversy should be determined at the time of filing." *White v. FCI USA, Inc.*, 319 F.3d 672, 674 (5th Cir. 2003). The plaintiff's burden to demonstrate the amount in controversy is "[n]ormally . . . satisfied if the plaintiff claims a sum greater than the jurisdictional requirement."

2

*Id.* (citation and internal quotations omitted). "The required demonstration concerns what the plaintiff is claiming (and thus the amount in controversy between the parties), not whether the plaintiff is likely to win or be awarded everything he seeks." *Robertson v. Exxon Mobil Corp.*, 814 F.3d 236, 240 (5th Cir. 2015). "A claim for damages made in apparent good faith controls the jurisdictional question . . . ." *Smith v. Am. Pain & Wellness, PLLC*, 747 F. Supp. 2d 989, 999 (E.D. Tex. 2024) (internal citation and quotation marks omitted). As one district court explained succinctly, CAFA establishes "several basic principles" about the amount in controversy:

> First, the amount in controversy is not the amount the plaintiff will recover, but rather an estimate of the amount that will be put at issue in the course of the litigation. Second, the Court must accept plaintiff's allegation that the amount in controversy is satisfied if plaintiff alleges in good faith that it is. Third, the Court looks to the amount in controversy alleged in the original Complaint and does not consider any reductions in the amount in controversy that may occur after the lawsuit is commenced. Fourth, the Court assesses all of the damages alleged, as well as the value of any injunctive relief and statutorily permitted attorneys' fees. And last, in the class action setting, the Court considers whether the amount in controversy exceeds the jurisdictional threshold by aggregating the claims of the individual class members.

*Payne v. Tri-State Careflight, LLC*, 322 F.R.D. 647, 677 (D.N.M. 2017).

Plaintiffs' complaint alleged in good faith that "the amount in controversy exceeds $5,000,000," *see* Doc. 1 ¶ 9, and the Defendant has not argued otherwise. At the time of filing, the amount in controversy exceeded $5,000,000.

Finally, the only Defendant is a private entity, not a state official.

### B. This Court Retains Subject Matter Jurisdiction Under CAFA Though It Denied Plaintiffs' Motion For Class Certification.

While this Court denied class certification, it retains subject matter jurisdiction under CAFA because subject-matter jurisdiction is determined at the time Plaintiffs filed their complaint and post-filing events cannot deprive this Court of jurisdiction. The federal courts—including the

3

Fifth Circuit—are uniform in so holding. *See, e.g.*, *Wilkins v. Genzyme Corp.*, 93 F.4th 33, 43 (1st Cir. 2024) ("Many courts have held that federal CAFA jurisdiction survives denial of class certification, such that a federal court retains subject matter jurisdiction over the residual individual action even where jurisdiction is premised solely on CAFA."); *Coba v. Ford Motor Co.*, 932 F.3d 114, 119 (3d Cir. 2019) ("If a federal court properly exercises jurisdiction pursuant to § 1332(d) at the time a claim is filed or removed, does a subsequent denial of class certification divest the court of subject-matter jurisdiction? In accordance with every other Circuit Court to address this question, we conclude that it does not."); *Metz v. Unizan Bank*, 649 F.3d 492, 500 (6th Cir. 2011) ("CAFA does not specifically address whether a district court may retain jurisdiction following the denial of class certification. We agree with the other circuits that have addressed this issue and hold that denial of class certification does not divest federal courts of jurisdiction.") (citation and internal quotation marks omitted); *Cunningham Charter Corp. v. Learjet, Inc.*, 592 F.3d 805, 806 (7th Cir. 2010) ("[F]ederal jurisdiction under the Class Action Fairness Act does not depend on certification[.]"); *Buetow v. A.L.S. Enters., Inc.*, 650 F.3d 1178, 1182 n.2 (8th Cir. 2011) ("Federal jurisdiction in this case is based upon the Class Action Fairness Act, 28 U.S.C. § 1332(d). That jurisdiction continued despite the district court's denial of Plaintiffs' motion for class certification."); *United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union, AFL-CIO, CLC v. Shell Oil Co.*, 602 F.3d 1087, 1092 (9th Cir. 2010) ("We hold that continued jurisdiction under § 1332(d) "does not depend on certification.'") (citation omitted); *Cherry v. Domestic Corp.*, 986 F.3d 1296, 1305 (11th Cir. 2021) ("Federal jurisdiction under the Class Action Fairness Act does not depend on certification,' so a district court retains jurisdiction even after it denies certification.") (citation and internal quotation marks omitted).

As the Fifth Circuit has explained,

4

> The text of CAFA states that federal jurisdiction will extend to class actions with minimal diversity and at least $5,000,000 in controversy. 28 U.S.C. § 1332(d)(2). The statute defines class action as any civil action <u>filed</u> under Rule 23 or a state class action statute. *Id.* at § 1332(d)(1)(B) (emphasis added). Thus, federal jurisdiction under the statutory provision of CAFA is explicitly concerned with the status of an action when filed—not how it subsequently evolves.

*Louisiana v. Am. Nat. Prop. Cas. Co.*, 746 F.3d 633, 639 (5th Cir. 2014).

It is undisputed that this case was <u>filed</u> as a class action, consistent with CAFA. Thus, this Court retains subject matter jurisdiction even though it denied Plaintiffs' class certification motion.

### C.     **The Deficiencies In Plaintiffs' Class Certification Motion Are Curable.**

Under Fed. R. Civ. P. 23(c)(1)(C), "[a]n order that grants or denies class certification may be altered or amended before final judgment." *See* Fed. R. Civ. P. 23(c)(1)(C). This Court should permit Plaintiffs leave to refile its class certification motion because the deficiencies that this Court identified in that motion are curable.

In its Memorandum Opinion and Order, this Court found that Plaintiffs could not satisfy commonality, typicality, or the specificity requirements under Rule 23(b)(3) because Plaintiffs sought a nationwide class action and Plaintiffs' remaining claims are all based on Mississippi law. *See, e.g.* Doc. 56 at 12 ("Unjust enrichment is governed by state law, and Plaintiffs propose a nationwide class without conducting any analysis for how the Court is to treat possible variations in state law."). This Court did not find that Plaintiffs could not satisfy Rule 23 if the Class definition was narrowed to people subject to Defendants' scheme in Mississippi (or even Ocean Springs).

As the leading treatise on class actions explained,

> when a class definition is not acceptable, judicial discretion can be utilized to save the lawsuit from dismissal. Indeed, several circuits have held that a court should alter the class definition in lieu of rejecting class certification, if possible. This discretion extends to creating sub-classes, as well as to modifying an approved class.

5

§ 7:27. Defining the class—Judicial discretion to ensure satisfactory class definition, 3 Newberg and Rubenstein on Class Actions § 7:27 (6th ed.). The Second, Third, Fifth, Seventh, Ninth, and D.C. Circuits have all so held. *See, e.g.*, *Robidoux v. Celani*, 987 F.2d 931, 937 (2d Cir. 1993) ("A court is not bound by the class definition proposed in the complaint and should not dismiss the action simply because the complaint seeks to define the class too broadly."); *Finberg v. Sullivan*, 634 F.2d 50, 64 n.9 (3d Cir. 1980) ("The problem identified by the district court"—with commonality and typicality—"might well be remedied by requiring a more specific or a narrow definition of class. The district court should not deny class certification on account of such problems without considering the possibility of redefining the classes."); *In re Monumental Life Ins. Co.*, 365 F.3d 408, 414 (5th Cir. 2004) ("holding plaintiffs to the plain language of their definition would ignore the ongoing refinement and give-and-take inherent in class action litigation, particularly in the formation of a workable class definition. District courts are permitted to limit or modify class definitions to provide the necessary precision"); *Messner v. Northshore Univ. HealthSystem*, 669 F.3d 802, 825 (7th Cir. 2012) ("Defining a class so as to avoid, on one hand, being over-inclusive and, on the other hand, the fail-safe problem is more of an art than a science. Either problem can and often should be solved by refining the class definition rather than by flatly denying class certification on that basis."); *In re White*, 64 F.4th 302, 315 (D.C. Cir. 2023) ("So rather than reject a proposed class definition for a readily curable defect based on an unwritten criterion, a district court should either define the class itself or, perhaps most productively, simply suggest an alternate class definition and allow the parties to object or revise as needed.").

This Court should grant Plaintiffs leave to refile their class certification motion to narrow the class definition and to cure the other deficiencies that the Court identified in its Opinion.[1] In the alternative, this Court could simply enter an order defining the class as one limited to Mississippi plaintiffs (thereby addressing the concerns expressed by the Court regarding a class made up of plaintiffs from multiple states).

### Conclusion

For these reasons, this Court retains subject matter jurisdiction under CAFA even though it denied Plaintiffs' motion for class certification. Plaintiffs respectfully request leave to refile their class certification motion to cure the deficiencies that the Court identified in its Opinion.

Respectfully submitted, this the 19th day of January 2026.

PLAINTIFFS,

 s/ Brian K. Herrington
Brian K. Herrington, MB# 10204
Rogen K. Chhabra, MB# 99131
CHHABRA GIBBS & HERRINGTON PLLC
120 N. Congress St., Ste. 200
Jackson, MS 39201
T: 601-326-0820
F: 601-948-8010
bherrington@nationalclasslawyers.com
rchhabra@nationalclasslawyers.com

John G. (Trae) Sims, III, MB# 99679
SIMS LAW FIRM, PLLC
P.O. Box 54
Madison, MS 39130
745 HWY 51 - Suite D
Madison, MS 39110
T: 601-207-3732
trae@thesimslawfirm.com

Attorneys for Plaintiffs and the Putative Class

---

[1] For example, Plaintiffs are prepared to offer affirmative evidence showing that they will adequately represent the Class.