IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**AMY DIVINE, KARL MERCHANT,**                                                       **PLAINTIFFS**
**and COLUMBUS JONES,** *on behalf*
*of themselves and all others*
*similarly situated*


v.                                                                            Civil No. 1:23-cv-196-HSO-BWR


**SECURIX, LLC**                                                                      **DEFENDANT**

### ORDER GIVING PLAINTIFFS AMY DIVINE, KARL MERCHANT, AND COLUMBUS JONES NOTICE UNDER FEDERAL RULE OF CIVIL PROCEDURE 56(f) THAT THE COURT MAY CONSIDER SUMMARY JUDGMENT IN FAVOR OF DEFENDANT SECURIX, LLC

This matter is before the Court sua sponte pursuant to Federal Rule of Civil Procedure 56(f). Proceeding under 42 U.S.C. § 1983 and the Class Action Fairness Act of 2005 ("CAFA"),[1] Plaintiffs brought this suit in August 2023, raising federal procedural due process claims under 42 U.S.C. § 1983 and state-law claims for unjust enrichment and abuse of process. *See* Compl. [1] at 16-18. The Court dismissed Plaintiffs' federal due process claims for failure to state a claim on September 19, 2024, leaving only their state-law claims for adjudication. *See* Mem. Op. & Ord. [20]. Plaintiffs then sought—and the Court denied—Plaintiffs' Motion [51] for Class Certification, because Plaintiffs did not meet the requirements of either Federal Rule of Civil Procedure 23(a) or 23(b). *See* Mem. Op. & Ord. [56]. Each Plaintiff is now proceeding individually with their remaining state-law claims.

---

[1] Pub. L. No. 109-2, 119 Stat. 4 (2005) (codified in various sections of 28 U.S.C.).

After reviewing the record and relevant legal authority, the Court questions whether summary judgment in favor of Defendant Securix, LLC, on the remaining state-law claims may be appropriate under Federal Rule of Civil Procedure 56(f). The Court will give each individual Plaintiff, Amy Divine, Karl Merchant, and Columbus Jones, until March 23, 2026, to file a written response to this Order showing cause—as to each separately—why the Court should not enter summary judgment in favor of Securix, LLC. Each Plaintiff is advised that if they do not file a written response by that date or do not demonstrate why summary judgment should not be granted on behalf of Securix, LLC, the Court may sua sponte enter judgment in Securix, LLC's, favor.

## I. BACKGROUND

Plaintiffs challenge the legality of Defendant Securix, LLC's ("Defendant") electronic license plate monitoring program, or "Diversion Program," which it has operated in Mississippi and other states. *See* Compl. [1] at 1. The Complaint [1] advanced a federal procedural due process claim under 42 U.S.C. § 1983 (Count I), and two state-law claims, abuse of process (Count II) and unjust enrichment (Count III). *See id.* at 16-19. Defendant moved to dismiss Plaintiffs' federal due process claim under Federal Rule of Civil Procedure 12(b)(6), *see* Mot. [10], and the Court granted that Motion [10], *see* Mem. Op. & Ord. [20]. Nine months after the Court's Order [20], Plaintiffs sought to certify a class. *See* Mot. [51]. The Court denied Plaintiffs' Motion [51] and ordered them to Show Cause whether the Court retained original subject-matter jurisdiction. *See* Mem. Ord. & Op. [56].

Plaintiffs' Response [57] adequately showed that the Court retained subject-matter jurisdiction. *See* Resp. [57]. But it also contained an improper request by Plaintiffs for leave to refile their motion for class certification "to narrow the class definition and to cure the other deficiencies that the Court identified in its Opinion." *Id.* at 7. This request was improper under Local Uniform Civil Rule 7 because "[a]ny written communication with the court that is intended to be an application for relief or other action by the court must be presented by a motion in the form prescribed by this rule." L.U. Civ. R. 7(b). Plaintiffs have never filed a separate motion, nor did their Response [57] explain how they would be able to cure all of the Rule 23(a) and (b) deficiencies identified by the Court. *See* Resp. [57]; Mem. Ord. & Op. [56]. Thus, the Court need not and will not consider this request. The case has remained dormant since Plaintiffs' Response [57].

## II. DISCUSSION

A. <u>Relevant Legal Authority</u>

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Under Rule 56(f),

> After giving notice and a reasonable time to respond, a court may:
>     (1) grant summary judgment for a nonmovant;
>     (2) grant the motion on grounds not raised; or
>     (3) consider summary judgment on its own after identifying for the parties the material facts that may not be genuinely in dispute.

Fed. R. Civ. P. 56(f). "A court may grant summary judgment for a nonmovant only if the losing party is on notice and has the opportunity to come forward with all its

evidence." *Luig v. N. Bay Enters., Inc.*, 817 F.3d 901, 905 (5th Cir. 2016) (citing Fed. R. Civ. P. 56(f)(1), (3)).

B.   <u>Analysis</u>

Because the Court denied Plaintiffs' Motion for Class Certification [51], each of the Named Plaintiffs are now proceeding individually. *See* Mem. Op. & Ord. [56]. Based on the allegations in the Complaint [1] and the record before the Court, it is unclear whether sufficient evidence exists to create a triable fact issue on each of the individual Plaintiff's state-law claims for unjust enrichment and abuse of process.

Consider Plaintiff Columbus Jones. He claims he received a ticket issued by Defendant but admits that he never paid any amount of the $300.00 fine issued to him, that his license was never suspended for failure to pay, and that there were never any collection efforts. *See* Compl. [1] at 13. Nonetheless, he claims he faces the possibility of future harm in that Defendant could attempt to collect the money or suspend his license even though neither Defendant nor the City of Ocean Springs has attempted to do so in the nearly four years since his payment became due on May 9, 2022. *See id.* On this record, it is unclear whether sufficient evidence exists to support his individual claim for unjust enrichment which exists only "'when one party has mistakenly paid another party.'" *Seven Seas Techs., Inc. v. Infinite Computer Sols., Inc.*, 353 F. Supp. 3d 545, 554 (S.D. Miss. 2018) (quoting *Willis v. Rehab Sols. PLLC*, 82 So. 3d 583, 588 (Miss. 2012)).

The same is true for each individual Plaintiff's claim for abuse of process. Consider again Plaintiff Columbus Jones. The "[e]lements of an abuse of process claim are as follows: '(1) the party made an illegal use of a legal process, (2) the party had an ulterior motive, and (3) damage resulted from the abuse of process.'" *Sullivant v. Freeland*, 404 So. 3d 1281, 1284 (Miss. Ct. App. 2025) (quoting *Ayles ex rel. Allen v. Allen*, 907 So. 2d 300, 303 (Miss. 2005)). Plaintiff Jones admits he never had his license suspended, that he never paid a fine, and that he was never subject to any collection efforts. *See* Compl. [1] at 13. It is unclear whether sufficient evidence exists to support this claim as a matter of law.

### III.  CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, on or before **March 23, 2026**, Plaintiffs Amy Divine, Karl Merchant, and Columbus Jones shall each file a written response to this Order demonstrating why summary judgment should not be granted in favor of Defendant Securix, LLC, under Federal Rule of Civil Procedure 56(f).

**Plaintiffs Amy Divine, Karl Merchant, and Columbus Jones are each advised that if they do not file a written response by that date or do not demonstrate why summary judgment should not be granted in favor of Defendant Securix, LLC, the Court may sua sponte enter judgment in Securix's favor without further notice.**

**SO ORDERED AND ADJUDGED**, this the 9th day of March, 2025.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
CHIEF UNITED STATES DISTRICT JUDGE