**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

**AMY DIVINE, KARL MERCHANT, and**                          **PLAINTIFFS**
**COLUMBUS JONES, on behalf of themselves
and all others similarly situated**

**v.**                                **CIVIL ACTION NO.: 1:23cv196 HSO-BWR**

**SECURIX, LLC**                                   **DEFENDANT**

## <u>PLAINTIFFS' RESPONSE TO MARCH 9, 2026 SHOW CAUSE ORDER</u>

On March 9, 2026, this Court dismissed its show cause order about whether this Court retains original jurisdiction under CAFA and entered a new show cause order about why summary judgment should not be granted in favor of the Defendant under Federal Rule of Civil Procedure 56(f). *See* Doc. 58. Plaintiffs concede that summary judgment is appropriate against Plaintiff Jones on his unjust enrichment claim because Mr. Jones never paid Defendant to avoid prosecution and wrongful payment is an essential element of that claim. However, Plaintiffs object to this Court entering summary judgment under Rule 56(f) against Ms. Divine and Mr. Merchant on their unjust enrichment claims and against any of the Plaintiffs on their abuse of process claims without affording them an opportunity for merits discovery and without specific notice about any other ground on which this Court is considering dismissing Plaintiffs' claims. Moreover, as discussed below, there is a triable issue of fact as to whether Defendant unjustly enriched itself when it threatened Plaintiffs Divine and Merchant with prosecution unless they paid Securix $300 and as to each of the Plaintiffs on their abuse of process claims.

    **A.**        **<u>Plaintiff Are Entitled to Merits Discovery Before This Court Considers Entering Summary Judgment Under Rule 56(f).</u>**

Courts should grant summary judgment under Rule 56(f) "sparingly and with great

circumspection." *Oahn Nguyen Chung v. StudentCity.com, Inc.*, 854 F.3d 97, 103 (1st Cir. 2007) (citation and quotation marks omitted). "When considering the boundaries of a district court's authority to grant summary judgment *sua sponte*, [courts] have regularly imposed two constraints: first, discovery must be sufficiently advanced to afford the parties a reasonable opportunity to glean the material facts; and second, the targeted party must have been given notice and a chance to present its evidence on the essential elements of the claim or defense." *Id.* (citation and internal quotation marks omitted). "Notice, in this context, has two aspects: the summary judgment target is entitled to know both the grounds that the district court will consider and the point at which her obligation to bring evidence supporting the elements of her claim accrues." *McCoy v. Town of Pittsfield, NH*, 59 F.4th 497, 505 (1st Cir. 2023) (citation and quotation marks omitted). "These conditions afford important protections: access to discovery ensures that a litigant has an opportunity to learn the relevant facts and notice that an issue is in play ensures that a litigant has an opportunity to put his best foot forward." *Oahn Nguyen Chung*, 854 F.3d at 103.

Plaintiffs respectfully object to the Court's order on both grounds. On October 24, 2024, the Court entered a scheduling order bifurcating merits and class discovery in this case. Plaintiffs therefore have not engaged in any merits discovery to enable them to glean the material facts in this case.[1] In the absence of any merits discovery, summary judgment under Federal Rule of Civil Procedure 56(f) would be inappropriate. *See Benchmark Elecs., Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 725, 732 (5th Cir. 2003) (vacating district court's judgment and "admonish[ing] the district

---

[1] In fact, despite multiple extensions, Defendant refused to produce even class discovery in this case. Defendant failed to produce class discovery even though, on March 20, 2025, this Court entered an order requiring Defendant "to respond to all outstanding [class] discovery" on or before April 1, 2025. *See* Doc. 49 at ECF 1; *see also* Doc. 52 at ECF 9 ("On November 14, 2024, Plaintiffs served class-related interrogatories [23], document requests [24], and requests for admission [25]. Despite receiving multiple extensions of time to respond to Plaintiffs' class-related written discovery, Defendant failed to do so. To date, Defendant has not responded.").

court" for "cut[ting] procedural corners"); *see also Missouri Pac. R. Co. v. Harbison-Fischer Mfg. Co.*, 26 F.3d 531, 539–40 (5th Cir. 1994).

Plaintiffs also object to this Court's order because it affords Plaintiffs insufficient notice about the specific grounds on which this Court is considering entering summary judgment. As the First Circuit explained, "the mere announcement that the court might dismiss the defendants at the final pretrial conference falls well short of the *specific* notice to which parties are entitled under Fed. R. Civ. P. 56." *Rogan v. Menino*, 175 F.3d 75, 80 (1st Cir. 1999) (emphasis in original). "Rule 56 obliges the moving party to inform the nonmovant of the grounds for the motion by identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." *Id.* (citation and internal quotation marks omitted). "This requirement persists even when the trial court aspires to grant summary judgment on its own initiative." *Id.*

The Court's order broadly states that it may enter summary judgment in favor of Defendant against <u>all</u> the Plaintiffs for <u>all</u> their claims. To the extent that this Court is considering dismissing this case in its entirety, the Court's notice is insufficient under Fed. R. Civ. P. 56(f) because it fails to notify Plaintiffs about the specific grounds on which the Court is considering granting summary judgment against each of the Plaintiffs for each of their claims.[2] *See Beazley v. City of Tustin*, 112 F.3d 515 (9th Cir. 1997) ("The district court . . . failed to provide Beazley with sufficient notice regarding what aspect of his action the court deemed was deficient. Thus, Beazley was deprived of an opportunity to raise disputed issues of material fact to withstand the district court's *sua sponte*

---

[2] The Court's order does state that Plaintiff Jones may be unable to meet the elements of his unjust enrichment claim because he did not pay the Defendant any money. Plaintiffs concede that this is sufficient to put Mr. Jones on notice about why this Court is considering entering summary judgment against him on that specific claim.

entry of summary judgment for defendants.") (citation omitted); *see also Williams v. City of St. Louis,* 783 F.2d 114, 116 (8th Cir.1986) (district court should have given plaintiffs notice of its intention to rely on a particular legal theory before entering summary judgment so that the plaintiffs could have a meaningful opportunity to respond).

Notwithstanding these objections, Plaintiffs respond to this Court's Order below and explain why there is a triable issue of fact as to each of Plaintiffs' claims.

**B.     Summary Judgment is Unwarranted on Plaintiffs' Unjust Enrichment Claims.**

Unjust enrichment is an equitable claim. "Broadly speaking, a claim for unjust enrichment lies where the defendant received a benefit, at the plaintiff's expense, and under circumstances where it would be unjust for the defendant to retain the benefits." § 41:5. Unjust enrichment, Mississippi Chancery Practice § 41:5 (2025-2026 ed.). "Stated differently, unjust enrichment is a modern designation for the doctrine of quasi-contracts and the basis for an action for unjust enrichment lies in a promise, which is implied in law that one will pay to the person entitled thereto which in equity and good conscience is his." *Hughes v. Shipp*, 324 SO. 3d 286, 290–91 (Miss. 2021) (internal citation and quotation marks omitted). The doctrine "is based on the equitable principle that a person shall not be allowed to enrich himself unjustly at the expense of another." *Langham v. Behnen*, 39 So. 3d 970, 976 (Miss. Ct. App. 2010) (citation and quotation marks omitted). "[A]n unjust enrichment award may consist of a refund if that is equitable." *Cates v. Swain*, 215 So. 3d 492, 496 (Miss. 2013); *see also Manning v. Tanner*, 594 So. 2d 1164 (Miss. 1992) (applying doctrine of unjust enrichment to overpayment of child support).

Plaintiffs concede that Mr. Jones cannot state a claim for unjust enrichment because he did not pay Securix to avoid prosecution but contend that summary judgment is unwarranted against Plaintiffs Divine and Merchant, who did. Plaintiffs' claims sound in unjust enrichment because no

4

written contract exists between Plaintiffs and Defendant. As Plaintiffs previously noted, while Plaintiffs Divine and Merchant paid Securix to avoid prosecution, "Defendant does not require vehicle owners to sign any documents to enter or complete the diversion program." Doc. 16 at ECF 3; *see also id.* ("Defendant did not offer to Plaintiffs a written diversion agreement and Plaintiffs did not sign any diversion agreement.").

It would be inequitable to allow Defendant to retain the money that Plaintiffs Divine and Merchant paid Securix because those payments were based on a false misrepresentation that they would face criminal prosecution, a criminal record, and have their driver's licenses suspended if they did not pay Defendant a $300 fee to avoid prosecution. *See* Docs. 1-1 at 1 ("You may accept diversion and pay the $300 fee by the due date on this citation. That can avoid license suspension, keep this violation off your record, and prevent you owning far more money and dealing with serious penalties."); *id.* at 3 ("Diversion is being offered as a lower cost option that allows you to avoid license suspension, court, and other penalties."); 1-2 (same).

In practice, no one faced these penalties if they failed to pay Securix. Plaintiff Divine's and Jones's experiences are typical. Although Plaintiff Jones never paid Securix, Senatobia did not prosecute him, and no criminal case was ever filed. In fact, the Senatobia Municipal Court represented to counsel's paralegal that the court did not docket any tickets that Securix issued because Securix is a "completely separate entity" from the court. *See* Doc. 16-2 at ¶ 4. Plaintiff Divine was also not prosecuted even though she only paid $100 of the $300 fee Securix demanded to avoid criminal prosecution and the suspension of her driver's license. *Id.* ¶ 1 ("On September 4, 2024, I called the City of Ocean Springs, Mississippi Municipal Court Clerk's office and asked if Plaintiff Amy Divine's 'ticket' had been docketed with the municipal court. The clerk's staff member stated that neither Divine's name nor citation number had been docketed. Further, the

clerk's staff member stated that the citation number "did not sound like one of our tickets.").

Mr. Jones's and Ms. Divine's experiences are consistent with public reports in Ocean Springs. Although Securix issued more than 10,481 "citations" during its two-year operation, the City stated in response to a subpoena that only 23 court cases were filed and two people convicted.[3] The no insurance tickets, in other words, were not tickets at all but an effort to unjustly extort money from vehicle owners through the cudgel of a false promise that drivers would face prosecution if they did not pay Securix.

The ticket recipients could never be prosecuted because the tickets are insufficient to establish probable cause of a crime: the license plate readers cannot determine whether the vehicle owner was also driving the vehicle at the time that the image was taken. *See, e.g.*, *Dixon v. D.C.*, 666 F.3d 1337, 1343 (D.C. Cir. 2011) ("[I]t is questionable whether there would be probable cause to arrest the owners of vehicles that are detected speeding via the [Automated Traffic Enforcement System], because the detection system—consisting of manned and unmanned radars and cameras—does not automatically identify who is driving the speeding vehicle, only who owns that vehicle."); *see also Dixon v. D.C.*, 753 F. Supp. 2d 6, 9 (D.D.C. 2010) ("[W]hen a vehicle is photographed for traveling 30 mph over the speed limit, there is no probable cause to believe that the *owner* of that vehicle was driving and therefore committed a crime, because there is no additional evidence that the *owner* was in fact the *driver.*") (emphasis in original).

Under Mississippi law, "if a person is driving someone else's vehicle, and neither the operator or the vehicle owner has insurance, the <u>operator</u> of the vehicle is in violation of the law and should be cited." Op. Att'y Gen. No. 2002-0422, 2002 WL 31169193, at *1 (Miss. A.G. Aug.

---

[3] E. Brian Rose, *Ocean Springs Admits Running Shadow Law Enforcement in Sworn Filing*, GCWire.com (March 10, 2026), https://gcwire.com/ocean-springs-admits-running-shadow-law-enforcement-in-sworn-filing/.

2, 2002) (emphasis added); *see also* Op. Att'y Gen. No. 2015-00309, 2015 WL 6121922 (Sept. 4, 2015) (same). Nevertheless, Securix indiscriminately issued the tickets to the <u>owner</u> of the vehicle without first establishing that he or she was also driving the car. This is insufficient to establish probable cause that the owner committed a crime. This Court should therefore conclude that there is a triable issue of fact on Plaintiffs' unjust enrichment claims.

### C. Summary Judgment is Unwarranted on Plaintiffs' Abuse of Process Claims.

An abuse of process claim has three elements: "(1) the party made an illegal use of a legal process, (2) the party had an ulterior motive, and (3) damage resulted from the perverted use of process." *Ayles ex rel. Allen v. Allen*, 907 So. 2d 300, 303 (Miss. 2005). "[T]he crucial element of this tort is the intent to abuse the privileges of the legal system." *Id.*

The gravamen of an abuse of process claim, in other words, "is *not* the wrongful procurement of legal process or the wrongful initiation of criminal or civil proceedings; it is the *misuse* of process, no matter how properly obtained, for any purpose other than that which it was designed to accomplish." *Allred v. Moore & Peterson*, 117 F.3d 278, 284 (5th Cir. 1997) (citation and quotation marks omitted).[4] "The improper purpose usually takes the form of coercion to *obtain a collateral advantage, not properly involved in the proceeding itself,* such as the surrender of property or the payment of money, by the use of the process as a threat or a club." *Brown v. Edwards*, 721 F.2d 1442, 1455 (5th Cir. 1984) (citation and quotation marks omitted) (emphasis in original). "There is, in other words, a form of extortion, and *it is what is done in the course of negotiation, rather than the issuance of any formal use of the process itself*, which constitutes the

---

[4] Thus, it is irrelevant for purposes of an abuse of process claim whether criminal proceedings were initiated "with probable cause and for a proper purpose, or even that the proceedings terminated in favor of the person instituting or initiating them." *Id.* "The *subsequent misuse* of the process . . . constitutes the misconduct for which the liability is imposed . . . ." *Id.*

tort." *Id.* (citation and quotation marks omitted) (emphasis in original). "Examples of abuse of process include attempting to enforce a judgment known to be false, or nonexistent, and using an arrest warrant to extort property or compel some act." *Dunagin v. City of Oxford, Miss.*, 489 F. Supp. 763, 775 (N.D. Miss. 1980) (internal citations omitted), *rev'd on other grounds*, *Dunagin v. City of Oxford, Miss.*, 701 F. 2d 335 (5th Cir. 1983).

There is a triable issue of fact as to whether Securix abused the criminal process to extort money from drivers in a manner that state law is not designed to do. As discussed above, Plaintiffs' "tickets" used the threat of criminal prosecution, a criminal record, and license suspension as a negotiating chip to extort payment of money to an out-of-state private company. Securix's actions were entirely extrajudicial: as the Senatobia Municipal Court represented to Plaintiffs' paralegal, Securix operated independently from the state's municipal courts[5] and the procedural protections that state law requires to avoid the use of criminal prosecution as a cudgel to extort payment. For example, state law requires all traffic tickets to be "unform" "as prescribed by the Commissioner of Public Safety and the Attorney General." Miss. Code. Ann. § 63-9-21(2). Although some deviations to "the form and content of traffic tickets" are permitted, *id.*, the Commissioner of Public Safety and the Attorney General must approve any deviations, which they did not do. Plaintiffs' "tickets" deviated from Mississippi's Uniform Traffic Ticket in material respects, including replacing the phone number for the Municipal Court with Defendant's phone number, and adding language that threatened drivers with prosecution unless they paid Securix a $300 fee. Additionally, Mississippi law only permits charges to be dismissed under limited circumstances following a prosecutorial motion and court hearing. Miss. Code. Ann. § 99-15-51; *see also* Op. Att'y Gen. 1993-0099, 1993 WL 669198 (March 3, 1993) ("[A] misdemeanor affidavit, including

---

[5] *See* Doc. 16-2 at ¶ 4.

a traffic ticket, can <u>only</u> be dismissed in accordance with Section 99-15-51 of the Mississippi Code which provides that the court may dismiss a prosecution of a misdemeanor on motion of the prosecuting attorney."); Miss. Code. Ann. § 99-15-26 (authorizing a judge to withhold acceptance of a guilty plea under limited circumstances). This is not how Securix operated.

In 2015, the Missouri Supreme Court concluded that a similar program violated due process because—as here—the program was extrajudicial. Although the Court invalidated the program on due process grounds, its reasoning sounded in traditional abuse of process terms:

> The Ordinance creates a system by which vehicle owners are accused of violating the Ordinance, not in court where their rights are well established and can be protected, but in a letter from the police. The owners are told to make payments, not as fines owed upon conviction, but as ransom that will prevent charges from being filed in the first place . . . . There is a word [extortion] for threatening someone with legal claims or charges if they do not make a large and prompt payment, but that word is not 'notice.' And there is a word [bribery] for money paid to keep claims of wrongdoing from being made public, but that word is not 'fine.' There is simply no legal justification or authority for the Ordinance and its process of demanding payments from vehicle owners in exchange for not bringing charges against them.

*City of Moline Acres v. Brennan*, 470 S.W.3d 367, 380–83 (Mo. 2015). As in *Moline*, there is a triable issue of fact as to whether Defendant similarly misused the threat of prosecution as a cudgel to generate profits—a purpose that the criminal process was not designed to accomplish.

As to the second element, an ulterior motive, it "is ordinarily inferred from the first [element], for one will rarely find a 'proper motivation' behind a defendant's use of process for an improper collateral purpose." *Wilcon, Inc. v. Travelers Indem. Co.*, 654 F.2d 976, 984 (5th Cir. 1981). Nevertheless, the record contains some direct evidence that municipalities were motivated by revenue generation, not public safety. For example, one newspaper reported that Saltillo

9

contracted with Defendant "to make up a $64,000 budgetary shortfall."[6] City council minutes from Senatobia—which also contracted with Securix—capture a discussion between the mayor, alderman, and police chief about how they viewed Securix as an opportunity to address their budgetary "wish list items," including supplementing city employee salaries.[7]

There is also a triable issue of fact about whether Plaintiffs suffered damages from Defendant's actions. As one treatise explained, a "plaintiff in an action for abuse of process may recover such actual or special damages as the plaintiff has suffered as a natural and probable consequence of the defendant's wrongful act." § 40:6. Elements of proof, 4 Pattern Discovery Tort Actions § 40:6. This can include mental suffering; expenses; loss of time from employment; injury to a plaintiff's business, reputation, or financial standing; and the value of money or property obtained by the defendant through the abuse of process. *Id.*

There is a triable issue of fact about the damage that each Plaintiff suffered—not only from the money that Plaintiffs Divine and Merchant paid Securix—but the mental anguish that each Plaintiff suffered when the Defendant repeatedly threatened them with prosecution, a criminal record, and license suspension if they did not pay the Defendant.

### Conclusion

For these reasons, Plaintiffs concede that Securix is entitled to summary judgment against Mr. Jones on his unjust enrichment claims because Mr. Jones never paid Defendant to avoid prosecution and wrongful payment is an essential element of that claim. Plaintiffs otherwise object

---

[6] William Moore, *Saltillo to target uninsured motorists along Highway 45*, Djournal.com (Sept. 7, 2023), https://www.djournal.com/news/crime-law-enforcement/saltillo-to-target-uninsured-motorists-along-highway-45/article_bedf9cce-4ceb-11ee-b220-c35f04195748.html

[7] *See* City of Senatobia, Board of Alderman Minutes (Aug. 21, 2023), https://cityofsenatobiams.gov/wp-content/uploads/2023/09/August-21-2023-Minutes-Special-Meeting.pdf.

to this Court's Rule 56(f) notice because there has been no merits discovery in this case and the Court's notice is insufficient to notify Plaintiffs about any other grounds on which it is considering granting summary judgment to Defendant on the other Plaintiffs' claims. Moreover, based on the evidence in the record, there is a triable issue of fact as to whether Defendant unjustly enriched itself when it threatened Plaintiffs Divine and Merchant with prosecution unless they paid Securix $300 and to each of the Plaintiffs on their abuse of process claims.

Respectfully submitted, this the 23rd day of March 2026.

PLAINTIFFS,

*s/ Brian K. Herrington*
Brian K. Herrington, MB# 10204
Rogen K. Chhabra, MB# 99131
CHHABRA GIBBS & HERRINGTON PLLC
120 N. Congress St., Ste. 200
Jackson, MS 39201
T: 601-326-0820
F: 601-948-8010
bherrington@nationalclasslawyers.com
rchhabra@nationalclasslawyers.com

John G. (Trae) Sims, III, MB# 99679
SIMS LAW FIRM, PLLC
P.O. Box 54
Madison, MS 39130
745 HWY 51 - Suite D
Madison, MS 39110
T: 601-207-3732
trae@thesimslawfirm.com

Attorneys for Plaintiffs and the Putative Class