**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

| | |
|---|---|
| **AMY DIVINE, KARL MERCHANT,** | **PLAINTIFFS** |
| **and COLUMBUS JONES,** *on behalf* | |
| *of themselves and all others* | |
| *similarly situated* | |

**v.**                                                        **Civil No. 1:23-cv-196-HSO-BWR**

**SECURIX, LLC**                                                        **DEFENDANT**

<u>**MEMORANDUM OPINION AND ORDER GRANTING PARTIAL SUMMARY
JUDGMENT UNDER FEDERAL RULE OF CIVIL PROCEDURE 56(f)**</u>

The time is drawing nigh to resolve this case.  Nearly three years ago, Named

Plaintiffs Amy Divine, Karl Merchant, and Columbus Jones brought this action

against Defendant Securix, LLC, alleging that its electronic license plate

monitoring program, which seeks to ensure compliance with Mississippi's uninsured

motorist laws, violates state law.  The Complaint [1] sought class certification and

raised federal due process claims under 42 U.S.C. § 1983, along with state-law

claims for unjust enrichment and abuse of process.  *See* Compl. [1] at 16-18.  The

Court has dismissed Plaintiffs' federal due process claims, *see* Mem. Ord. & Op.

[20], and denied their Motion [51] for Class Certification.

In March 2026, the Court provided the parties with notice under Federal

Rule of Civil Procedure 56(f) that it was considering entering summary judgment in

favor of Defendant.  *See* Ord. [58].  The Court's Order [58] identified potential

deficiencies in Plaintiffs' remaining state-law claims and afforded them fourteen

days to respond and present additional evidence in support of their claims. *See id.* In Response [59], Plaintiffs argued that the Court's Order [58] provided them with insufficient notice and that they needed additional time for merits-related discovery. *See* Resp. [59] at 2-3. What Plaintiffs' Response [59] did not do was present any additional evidence, nor did it describe what Plaintiffs hoped or needed to discover that was not already in the record. Aside from one Motion [10] to Dismiss and two Answers [22], [53], Defendant has filed only a handful of motions, most related to deadline extensions and requests to withdraw as counsel. *See, e.g.,* Mot. [35]; Mot. [38]; Mot. [43]. Defendant has not otherwise disputed the facts presented by Plaintiffs.

On this record, the Court finds that the facts described in the background section of this Order are not genuinely in dispute. *See* Fed. R. Civ. P. 56(f)(3). And after careful consideration, it concludes that Defendant is entitled to summary judgment as to each individual Plaintiff's state-law claim for abuse of process. Plaintiffs have also conceded, and the Court agrees, that Defendant is entitled to summary judgment on Plaintiff Columbus Jones's state-law claim for unjust enrichment. *See* Resp. [59] at 1. Accordingly, Plaintiff Jones's claims will be dismissed in their entirety. Plaintiffs Amy Divine's and Karl Merchant's state-law claims for unjust enrichment will proceed to trial.

## I. BACKGROUND

Plaintiffs in this case, Amy Divine, Karl Merchant, and Columbus Jones, believe that Defendant Securix, LLC's ("Defendant") electronic license plate

monitoring program, or "Diversion Program," which it operated in Mississippi and other states, is illegal.  Mississippi requires drivers to carry liability insurance, *see* Miss. Code Ann. § 63-15-4(2)(a), and the

> [f]ailure of the owner or the operator of a motor vehicle [to prove they have the required insurance coverage] is a misdemeanor and, upon conviction, is punishable by a fine of One Hundred Dollars ($100.00) and suspension of driving privilege for a period of one (1) year or until the owner of the motor vehicle shows proof of liability insurance . . . and has paid the fines and assessments imposed and the driver's license reinstatement fees imposed by the Department of Public Safety . . . ,

Miss. Code Ann. § 63-15-4(4).

The Cities of Ocean Springs and Senatobia, Mississippi, contracted with Defendant to act on their behalf in enforcing Mississippi's insurance coverage requirement through electronic monitoring.  *See* Dkt. [16-1] (Ocean Springs Contract); Resp. [59] at 10 n.7 (citing City of Senatobia, Board of Alderman Minutes).  Under these contracts, Defendant utilized automated license plate readers ("ALPRs") to photograph license plates and compare the plate numbers against various databases to determine whether a vehicle was uninsured.  *See* Dkt. [16-1] at 15-17.  Once Defendant identified an uninsured vehicle, it mailed a citation to the vehicle's owner with three options: (1) "Provide proof of insurance at the time of violation"; (2) "Enter the Diversion Program by paying a fee"; or (3) "Appear in Court."  Dkt. [1-1] (Divine's Ticket); Dkt. [1-2] (Merchant's Ticket); Dkt. [1-3] (Jones's Ticket); *see also* Dkt. [16-1] at 20 (describing adjudication procedures).  Both the Cities and Securix profited from this arrangement, with Defendant receiving a percentage of the revenues received from paid citations.  *See* Dkt. [16-1] at 14; Resp. [59] at 10 n.7.

Plaintiffs Divine, Merchant, and Jones each received a citation from Defendant.  Plaintiff Divine was ticketed on March 30, 2022, and paid $100.00 of the $300.00 fine.  *See* Compl. [1] at 10; Dkt. [1-1] (Divine's Ticket).  Plaintiff Merchant was ticketed on June 12, 2022, and paid the entire $300.00 fine.  *See* Compl. [1] at 11; Dkt. [1-2] (Merchant's Ticket).  Plaintiff Jones was ticketed on January 2, 2023, and never paid any fine.  *See* Compl. [1] at 13; Dkt. [1-3] (Jones's Ticket).

Proceeding under 42 U.S.C. § 1983 and the Class Action Fairness Act of 2005, ("CAFA"),[1] Plaintiffs filed suit raising federal due process claims under 42 U.S.C. § 1983 and state-law claims for unjust enrichment and abuse of process.  *See* Compl. [1] at 16-18.  The Court dismissed Plaintiffs' federal due process claim on September 9, 2024, *see* Mem. Op. & Ord. [20], and denied Plaintiffs' Motion [51] for Class Certification on January 5, 2026, *see* Mem. Op. & Ord. [56].  With each Plaintiff now proceeding individually and only on their state-law claims, in March 2026, the Court provided notice under Rule 56(f) that it was considering entering summary judgment in favor of Defendant.  *See* Ord. [58].  Plaintiffs responded but did not provide any additional evidence or explain what other evidence they needed. *See* Resp. [59].

---

[1] Pub. L. No. 109-2, 119 Stat. 4 (2005) (codified in various sections of 28 U.S.C.).

## II.  DISCUSSION

### A.    Subject-Matter Jurisdiction

In the Court's Order [56] denying Plaintiffs' Motion [51] for Class Certification, it directed them to show whether the Court retained subject-matter jurisdiction under CAFA.  *See* Mem. Op. & Ord. [56] at 25-26.  Plaintiffs responded that the Court "retains subject matter jurisdiction under CAFA because subject-matter jurisdiction is determined at the time Plaintiffs filed their complaint and post-filing events cannot deprive this Court of jurisdiction."  Resp. to Ord. [56] at 3. In support, Plaintiffs cited a number of cases, including *Louisiana v. American National Property & Casualty Company*, 746 F.3d 633, 639 (5th Cir. 2014).  *See id.*

Although this case differs from *Louisiana* in that it was originally filed in federal court and the Fifth Circuit's analysis in *Louisiana* focused on whether the denial of class certification post-removal deprived a court of subject-matter jurisdiction, *Louisiana* appears to endorse the general proposition that jurisdiction under CAFA is determined at the time of filing and that the subsequent denial of class certification does not deprive a court of CAFA jurisdiction.  *See Louisiana*, 746 F.3d at 639.  The Fifth Circuit explained that "federal jurisdiction under the statutory provision of CAFA is explicitly concerned with the status of an action when filed—not how it subsequently evolved.  And, it is undisputed that this action was *filed* as a class action, consistent with the standards of the statute."  *Id.* (emphasis in original).  Other circuits have also followed this rule for CAFA cases originally filed in federal court.  *See, e.g., Coba v. Ford Motor Co.*, 932 F.3d 114, 119

(3d Cir. 2019) (collecting cases, including *Louisiana*, 746 F.3d at 639); *Wilkins v. Genzyme Corp.*, 93 F.4th 33, 42-43 (1st Cir. 2024) (citing *Louisiana*, 746 F.3d at 639).  And this approach comports with the plain text of Rule 23 and 28 U.S.C. § 1332(d), which describe the Court's jurisdiction at the time of filing.  *See* 28 U.S.C. § 1332(d)(1)(B) ("the term 'class action' means any civil action filed under rule 23 of the Federal Rules of Civil Procedure . . . .").  The Court is satisfied that it has subject-matter jurisdiction to decide this case.

B.      Summary Judgment

Under Rule 56(f), "[a]fter giving notice and a reasonable time to respond, a court may: (1) grant summary judgment for a nonmovant; (2) grant the motion on grounds not raised; or (3) consider summary judgment on its own after identifying for the parties the material facts that may not be genuinely in dispute."  Fed. R. Civ. P. 56(f).  "A court may grant summary judgment for a nonmovant only if the losing party is on notice and has the opportunity to come forward with all its evidence."  *Luig v. N. Bay Enters., Inc.*, 817 F.3d 901, 905 (5th Cir. 2016) (citing Fed. R. Civ. P. 56(f)(1), (3)); *see also Robinson v. Aetna Life Ins. Co.*, 443 F.3d 389, 396 (5th Cir. 2006) (noting that summary judgment is appropriate for a nonmoving party where "(1) there is no genuine issue of material fact and (2) the opposing party has had a full opportunity to (a) brief the legal issues and (b) develop a record").

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a

matter of law." Fed. R. Civ. P. 56(a). "A dispute is genuine 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party,' and a material fact issue is one that 'might affect the outcome of the suit under the governing law.'" *Yates v. Spring Indep. Sch. Dist.*, 115 F.4th 414, 419 (5th Cir. 2024) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). "The nonmovant cannot satisfy his summary judgment burden with conclusional allegations, unsubstantiated assertions, or only a scintilla of evidence." *Murrell v. Casterline*, 307 F. App'x 778, 779 (5th Cir. 2008) (per curiam).

After the Court entered its Order [58] giving Plaintiffs notice under Rule 56(f), *see* Ord. [58], Plaintiffs' Response [59] raised two procedural grounds of disagreement: (1) a lack of notice, *see* Resp. [59] at 3; and (2) a lack of adequate time for discovery, *see id.* at 2.

1.    Notice Requirement for Rule 56(f)

According to Plaintiffs, the Court's Order [58] "affords Plaintiffs insufficient notice about the specific grounds on which this Court is considering entering summary judgment." *Id.* at 3. They argue that the Court must provide specific notice regarding the possible grounds for summary judgment, *see id.* (citing *Rogan v. Menino*, 175 F.3d 75, 80 (1st Cir. 1999)), and take issue with the Court's Order [58] contending that it "broadly states that it may enter summary judgment in favor of Defendant against all the Plaintiffs for all their claims," *id.* (emphasis in original). Plaintiffs maintain that "[t]o the extent this Court is considering dismissing this case in its entirety, the Court's notice is insufficient under Fed. R.

7

Civ. P. 56(f) because it fails to notify Plaintiffs about the specific grounds on which the Court is considering granting summary judgment against each of the Plaintiffs for each of their claims." *Id.* (citing *Beazley v. City of Tustin*, 112 F.3d 515 (9th Cir. 1997) (unpublished)).

But in the Fifth Circuit, "neither the Rule [Federal Rule of Civil Procedure 56(f)] nor our precedent includes a specificity requirement." *In re Deepwater Horizon*, No. 20-30617, 2021 WL 3501651, at *3 (5th Cir. Aug. 9, 2021) (per curiam). In *In re Deepwater Horizon*, plaintiff Christopher Green was allegedly injured while removing oil from the Gulf of Mexico. *See id.* at *1. He "joined a class of personal-injury plaintiffs" who entered into a settlement agreement with BP. *Id.* Class members could opt out of the settlement and pursue their claims individually, but to properly opt out, a plaintiff or his representative had to file an opt-out form accompanied by a wet-ink signature. *Id.* Although Green filed a timely opt-out form, it lacked his personal wet-ink signature. *Id.* And when the district court "ordered BP to file a motion for summary judgment to dismiss any plaintiffs whose claims were barred" by the settlement agreement, Green's claim was dismissed because his opt-out form failed to comply with the wet-ink requirement. *Id.* On appeal, Green argued that "he lacked notice of the *specific* deficiency—namely, the absence of his personal wet-ink signature," but the Fifth Circuit explained that "neither the Rule nor our precedent includes a specificity requirement." *Id.* at *3 (emphasis in original). Here, like in *In re Deepwater Horizon*, the Court had no obligation to identify the specific deficiencies for Plaintiffs.

But the Court's Order [58] did advise Plaintiffs of the potential deficiencies in their claims. It began by noting that it was "unclear whether sufficient evidence exists to create a triable fact issue on each of the individual Plaintiffs' state-law claims for unjust enrichment and abuse of process." Ord. [58] at 4. The Court then used Plaintiff Jones as an example, stating "[c]onsider Plaintiff Columbus Jones," *id.*, and explained that an unjust enrichment claim "exists only when one party has mistakenly paid another," but Jones "admits that he never paid any amount of the $300.00 fine issued to him," *id.* (citation and quotation marks omitted). The Order [58] further stated "[t]he same is true for *each* individual Plaintiff's claim for abuse of process. Consider again Plaintiff Columbus Jones," before describing deficiencies with that claim. *Id.* at 5 (emphasis added). The Court provided Plaintiffs with sufficient notice of potential deficiencies, an opportunity to brief those issues, and an opportunity to present evidence in opposition. This satisfied Rule 56(f)'s notice requirement.

2.    Time for Discovery

Plaintiffs next contend that they have had insufficient time to conduct discovery. *See* Resp. [59] at 2. According to Plaintiffs, because the Court's prior scheduling order bifurcated merits and class discovery, they "have not engaged in any merits discovery to enable them to glean the material facts in this case," making summary judgment inappropriate. *Id.* But Plaintiffs conducted six months of class-related discovery. *See* Text Only Scheduling Order entered October 24, 2024 (beginning class-related discovery); Text Only Order entered March 7, 2025

9

(extending class-related discovery deadline to April 25, 2025). And although class-related discovery and merits-related discovery are in some ways distinct, there is significant overlap due to the "rigorous analysis" required for class certification. *See Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 351 (2011) (noting a "rigorous analysis" under Rule 23 "will entail some overlap with the merits of the plaintiff's underlying claim"); *Bridges v. Freese*, No. 3:13-cv-457-TSL-JCG, 2014 WL 4545948, at *3 (S.D. Miss. Sept. 11, 2014) ("The law is clear that Rule 23 requires more than pleading and also clear that class-certification-related discovery and merits-based discovery frequently overlap."); *Morrow v. City of Tenaha Deputy City*, No. 2-08-cv-288-TJW, 2010 WL 2721400, at *3 (E.D. Tex. July 8, 2010) (noting that "some overlap between merits discovery and class discovery is inevitable"); *Ahmed v. HSBC Bank USA, Nat'l Ass'n*, No. ED CV 15-2057-FMO-SPX, 2018 WL 501413, at *3 (C.D. Cal. Jan. 5, 2018) ("In light of *Dukes* and the rigorous analysis requirement for class certification, many courts are reluctant to bifurcate class-related discovery from discovery on the merits. This is because the distinction between class certification and merits discovery is murky at best and impossible to determine at worst.") (collecting cases) (internal quotation marks omitted).

The Court is not persuaded that Plaintiffs have been unable to "glean the material facts in this case" given the length of the class-related discovery period and the considerable overlap between merits-related and class-related evidence. Resp. [59] at 2. And under Rule 56(f), a district court may enter summary judgment after notice and a reasonable time to respond. *See* Fed. R. Civ. P. 56(f); *see also Celotex*

10

*Corp. v. Catrett*, 477 U.S. 317, 326 (1986) ("Our conclusion is bolstered by the fact that district courts are widely acknowledged to possess the power to enter summary judgment sua sponte, so long as the losing party was on notice that she had to come forward with all of her evidence."). As discussed above, the Court provided Plaintiff with notice and an opportunity to brief the issues and present additional evidence. *See* Ord. [58]. Plaintiffs did not come forward with any additional evidence, nor did they articulate what evidence in support of their claims could be found through merits-related discovery that was not revealed during class-related discovery. *See* Resp. [59].

Although "Rule 56(d) allows the district court to provide additional time for discovery before ruling on a motion if the nonmovant shows an inability to support its opposition factually," *Smith v. Regional Transit Authority*, 827 F.3d 412, 422 (5th Cir. 2016) (citing Fed. R. Civ. P. 56(d)), Plaintiffs here did not request additional time, *see* Resp. [59]. Nor did their Response [59] "demonstrate how additional discovery will create a genuine issue of material fact," or "set forth a plausible basis for believing that specific facts, . . . if adduced, will influence the outcome of the pending summary judgment motion." *Smith*, 827 F.3d at 422-23 (citations and quotation marks omitted). As the Fifth Circuit aptly put it: "[t]he nonmovant may not simply rely on vague assertions that discovery will produce needed, but unspecified, facts." *Id.* at 423 (citation and quotation marks omitted); *see also Sherman v. Irwin*, 849 F. App'x 451, 455 (5th Cir. 2021) (same).

Plaintiffs' "vague assertions," *Smith*, 827 F.3d at 423, about the need for additional discovery are unpersuasive considering the class-related discovery that has taken place and the plain text of Rule 56, which permits summary judgment without any opportunity for discovery, *see Washington v. Allstate Ins. Co.*, 901 F.2d 1281, 1285 (5th Cir. 1990).

3.    Plaintiffs' Abuse of Process Claims

Defendant is entitled to summary judgment as to each individual Plaintiff's state-law claim for abuse of process.  The Mississippi Supreme Court has defined abuse of process as:

> [T]he misuse or misapplication of a legal process to accomplish some purpose not warranted or commanded by the writ.  It is the malicious perversion of a regularly issued civil or criminal process, for a purpose and to obtain a result not lawfully warranted or properly attainable thereby, and for which perversion an action will lie to recover the pecuniary loss sustained[.]

*Williamson ex rel. Williamson v. Keith*, 786 So. 2d 390, 393-94 (Miss. 2001) (quotations and citations omitted).  "'The elements of an abuse of process claim are as follows: (1) the party made an illegal use of a legal process, (2) the party had an ulterior motive, and (3) damage resulted from the perverted use of process.'" *Sullivant v. Freeland*, 404 So. 3d 1281, 1284 (Miss. Ct. App. 2025) (quoting *Ayles ex rel. Allen v. Allen*, 907 So. 2d 300, 303 (Miss. 2005)).  "An action for abuse of process differs from an action for malicious prosecution in that the latter is concerned with maliciously causing process to issue, while the former is concerned with the improper use of process *after* it has been issued." *Miles v. Paul Moak of Ridgeland, Inc.*, 113 So. 3d 580, 587 (Miss. Ct. App. 2012) (citation and quotation marks

12

omitted) (emphasis added); *see also Kilgore v. City of Moss Point*, No. 1:25-cv-55-LG-RPM, 2026 WL 867508, at \*12 (S.D. Miss. Mar. 30, 2026) ("Abuse of process is concerned with the improper use of service *after* it has been issued.") (citation omitted) (emphasis in original).

Here, the process issued by Defendant to each Plaintiff consisted of the traffic citations attached to the Complaint [1]. *See Kilgore*, 2026 WL 867508, at \*13. Each citation was accompanied by a sworn affidavit from a police officer stating that he or she had reviewed the photograph and concluded that the owner of the vehicle was in violation of Mississippi's uninsured motorist laws by operating or allowing their vehicle to be operated in violation of the law. *See* Dkt. [1-1]; Dkt. [1-2]; Dkt. [1-3]. At the time Defendant issued the citations, it had contracts with the Cities of Ocean Springs and Senatobia to enforce Mississippi's uninsured motorist statutes. *See* Dkt. [16-1]; Resp. [59] at 10 n.7. And Mississippi law permits issuing citations and fines for violating Mississippi's uninsured motorist laws. *See* Miss. Code Ann. § 63-15-4(4). Plaintiffs nonetheless contend that "[t]here is a triable issue of fact as to whether Securix abused the criminal process to extort money from drivers in a manner that state law is not designed to do." Resp. [59] at 8. In essence, Plaintiffs claim that Defendant abused the criminal process by issuing citations that, according to Plaintiffs, were intended to "extort money from drivers." *Id.*

But the issuance of process, even with bad intentions, is not grounds for an abuse of process claim:

> "The essential elements of abuse of process, as the tort has developed, have been stated to be: first, an ulterior purpose, and second, *a wilful*

13

*act* in the use of the process *not proper in the regular conduct of the proceeding. Some definite act or threat* not authorized by the process, or aimed at an objective not legitimate in the use of the process, is required; and *there is no liability where the defendant has done nothing more than carry out the process to its authorized conclusion, even though with bad intentions.* The improper purpose usually takes the form of coercion *to obtain a collateral advantage, not properly involved in the proceeding itself,* such as the surrender of property or the payment of money, by the use of the process as a threat or a club. There is, in other words, a form of extortion, and *it is what is done in the course of negotiation, rather than the issuance or any formal use of the process itself,* which constitutes the tort."

*Brown v. Edwards*, 721 F.2d 1442, 1455 (5th Cir. 1984) (quoting Prosser, The Law of Torts 857 (4th ed. 1971)) (emphasis in original). Rather, abuse of process requires improper use of process after it was issued. *See id.*; *Moon v. Condere Corp.*, 690 So. 2d 1191, 1197 (Miss. 1997) ("[T]he only process involved in this case was the summons. There were no arrests made, and was no seizure of property. Thus, there was no improper use of process after it had been issued."); *Edmonds v. Delta Democrat Pub. Co.*, 93 So. 2d 171, 175 (Miss. 1957) ("It cannot be argued that the process of the court was abused by accomplishing a result not commanded by it or not lawfully obtainable under it when the only process involved was a simple summon to defend a suit."). And this Court recently dismissed a plaintiff's abuse of process claim in a similar case involving electronic traffic enforcement for this very reason: "the speeding ticket was the process issued. [Plaintiff] has not alleged any improper use of the speeding ticket *after* it was issued. As a result, her abuse-of-process claim against [Defendant] must be dismissed." *Kilgore*, 2026 WL 867508, at *13 (emphasis in original).

14

Here, there is no competent summary judgment evidence, nor even a plausible allegation, that Defendant made illegal use of process after it was issued. Defendant operated under an agreement with the Cities to issue the citations. *See* Dkt. [16-1]. And while Plaintiffs claim that Defendant attempted to enforce the citations by "send[ing] threatening letters to Jones," they have not produced any evidence to substantiate this claim, and such letters should be in Jones's possession. Compl. [1] at 13. Such conclusory allegations are insufficient at this stage. *See Murrell*, 307 F. App'x at 779.

As for Plaintiff Divine, she received a letter one week after the citation was mailed to her. *See* Dkt. [1-1] at 3. But contrary to Plaintiffs' claims, the letter does not threaten anyone with "prosecution, a criminal record, and license suspension if they did not pay." Resp. [59] at 10. Instead, it informs the recipient that the City "previously issued and mailed a Uniform Traffic Ticket," that the letter "serves as a final notice," and reminds the recipient of the options to resolve the citation. *See* Dkt. [1-1] at 3. Because Defendant was permitted to issue citations, it did not abuse the legal process by sending a follow-up letter; it was an act aimed at accomplishing the legitimate objective of enforcing Mississippi's uninsured motorist laws. *See Edwards*, 721 F.2d at 1455 ("Some definite act or threat not authorized by the process, or aimed at an objective not legitimate in the use of the process, is required; and there is no liability where the defendant has done nothing more than carry out the process to its authorized conclusion[.]") (emphasis omitted).

15

Second, Plaintiffs have also failed to plausibly allege or produce evidence of an ulterior motive. They argue that "the record contains some direct evidence that municipalities were motivated by revenue generation, not public safety." Resp. [59] at 9. And under the contract between Defendant and the City of Ocean Springs, both parties profited from the arrangement. *See* Dkt. [16-1] at 14. But that speaks to the Cities' possible ulterior motive, not Defendant's. Defendant is a private for-profit company that was authorized to enforce Mississippi's uninsured motorist laws which permit the issuance and collection of fines for violations. *See* Miss. Code Ann. § 63-15-4(4). By issuing citations and retaining some of the money, Defendant did "nothing more than carry out the process to its authorized conclusion." *Edwards*, 721 F.2d at 1455 (quoting Prosser, The Law of Torts 857 (4th ed. 1971)). There is no evidence that Defendant acted to obtain a collateral advantage in a separate proceeding or otherwise pursue an illegitimate purpose. *See id.*

Plaintiffs also claim that there is "a triable issue of fact about the damage each Plaintiff suffered—not only from the money that Plaintiffs Divine and Merchant paid Securix—but the mental anguish that each Plaintiff suffered," by Defendant's citations and "threat[s]." Resp. [59] at 10. While monetary damages would satisfy Plaintiff Divine's and Merchant's injury requirement, they have introduced no evidence of "mental anguish," nor was it alleged in the Complaint [1].[2] Such conclusory allegations of "mental anguish" are insufficient at this stage.

---

[2] Notably, the alleged "mental anguish" each Plaintiff suffered from Defendant's alleged threats of enforcement, and the amount of money owed to each for that anguish, is the sort of individual determination unfit for class-wide resolution. *See, e.g., Steering Committee v. Exxon Mobil Corp.*, 461 F.3d 598, 602 (5th Cir. 2006) ("[M]any plaintiffs allege as part of their claim for compensatory

16

*See Murrell*, 307 F. App'x at 779.  Plaintiffs' abuse of process claims should be dismissed.

4.    Plaintiffs' Unjust Enrichment Claims

"A claim for unjust enrichment exists 'when one party has mistakenly paid another party.'"  *Seven Seas Techs., Inc. v. Infinite Computer Sols., Inc.*, 353 F. Supp. 3d 545, 554 (2018) (quoting *Willis v. Rehab Sols. PLLC*, 82 So. 3d 583, 588 (Miss. 2012)).  "It 'applies in situations where no legal contract exists, and the person charged is in possession of money or property which, in good conscience and justice, he or she should not be permitted to retain, causing him or her to remit what was received.'"  *Id.* (quoting *Willis*, 82 So. 3d at 588).  "[R]ecovery in unjust enrichment is that to which the claimant is equitably entitled."  *Mississippi State Port Auth. at Gulfport v. Yilport Holdings A.S.*, 416 So. 3d 83, 96 (Miss. 2025) (alterations in original) (citation omitted).

Plaintiffs concede that because Plaintiff Jones "did not pay Securix to avoid prosecution," Defendant is entitled to summary judgment on Jones's unjust enrichment claim.  Resp. [59] at 4.  Turning to Plaintiffs Merchant and Divine, they contend that it would be "inequitable to allow Defendant to retain the money" they "paid Securix because those payments were based on a false misrepresentation that they would face criminal prosecution, a criminal record, and have their driver's license suspended if they did not pay Defendant a $300 fee to avoid prosecution."

---

damages emotional and other intangible injuries.  The very nature of these damages, compensating plaintiffs for emotional and other intangible injuries, necessarily implicates the subjective differences of each plaintiff's circumstances; they are an individual, not class-wide, remedy.") (citation and quotation marks omitted); *see also* Mem. Ord. & Op. [56] (denying class certification).

*Id.* at 5.  Plaintiffs claim that Defendant misrepresented the possibility of criminal prosecution and other penalties for non-payment because "[i]n practice, no one faced these penalties if they failed to pay Securix," *id.*, since "[t]he ticket recipients could never be prosecuted because the tickets were insufficient to establish probable cause of a crime: the license plate readers cannot determine whether the vehicle owner was also driving the vehicle at the time that the image was taken," *id.* at 6 (first citing *Dixon v. D.C.*, 666 F.3d 1337, 1343 (D.C. Cir. 2011) and then citing *Dixon v. D.C.*, 753 F. Supp. 2d 6, 9 (D.D.C. 2010)).  But according to Plaintiffs, Securix "indiscriminately issued the tickets to the owner of the vehicle without first establishing that he or she was also driving the car," in violation of Mississippi law. *Id.* at 7 (first citing Op. Att'y Gen. No. 2002-0422, 2002 WL 31169193, at *1 (Miss. A.G. Aug. 2, 2002) and then citing Op. Att'y Gen. No. 2015-00309, 2015 WL 6121922 (Miss. A.G. Sept. 4, 2015)).  And therefore, there is a triable issue of fact whether Defendant should retain the money it received from Plaintiffs Divine and Merchant.

Despite Plaintiffs' statements to the contrary, their Response [59] acknowledges that two people *were* prosecuted and convicted after being issued citations.  *See id.* ("Although Securix issued more than 10,481 'citations' during its two-year operation, the City stated in response to a subpoena that only 23 court cases were filed and two people convicted.").  In other words, Plaintiffs are simply incorrect when they say "[t]he ticket receipts could never be prosecuted because the tickets were insufficient to establish probable cause of a crime"; their own evidence shows otherwise.  Resp. [59] at 6.

Nonetheless, in contrast to Plaintiffs' abuse of process claim, an unjust enrichment claim does not require Defendant to have abused the legal process after it issued the citations or to have possessed an ulterior motive. *See Sullivant*, 404 So. 3d at 1284 (stating the elements of abuse of process). Instead, unjust enrichment focuses on whether one party is in possession of a benefit it should not be permitted to retain. *See Seven Seas Techs., Inc.*, 353 F. Supp. 3d at 554. Here, the question is whether Defendant should be permitted to retain the money that Plaintiffs Merchant and Divine each paid Defendant after being mailed the citations. Although Defendant collected the fines pursuant to its contractual relationship with the Cities of Ocean Springs and Senatobia, there is a material issue of fact regarding whether the fines were properly collected under Mississippi law such that Defendant should be allowed to retain the profits from the program.

## III.  CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, judgment as a matter of law is **GRANTED** in favor of Defendant Securix, LLC, with respect to Plaintiffs Amy Divine's, Karl Merchant's, and Columbus Jones's abuse of process claims, and all Plaintiffs' abuse of process claims are **DISMISSED WITH PREJUDICE**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, judgment as a matter of law is **GRANTED** in favor of Defendant Securix, LLC, with respect to Plaintiff Columbus Jones's unjust enrichment claim, and Plaintiff Jones's unjust enrichment claim is **DISMISSED WITH PREJUDICE**.

19

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, Plaintiff Columbus Jones is **DISMISSED** as a party to this suit.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, Plaintiff Amy Divine's and Karl Merchant's individual unjust enrichment claims will proceed to trial.

**SO ORDERED AND ADJUDGED**, this the 23rd day of April, 2026.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
CHIEF UNITED STATES DISTRICT JUDGE