**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

AMY DIVINE, KARL MERCHANT,　　　　　　　　　　　PLAINTIFFS
AND COLUMBUS JONES, *on behalf*
*of themselves and all others*
*similarly situated*

　　　　　　　　　　　　　　　　**Case No: 1:23-cv-196-HSO-BWR**

V.

SECURIX, LLC　　　　　　　　　　　　　　　　DEFENDANT

## ORDER DENYING MOTION TO FILE
## INTERVENING COMPLAINT IN INTERPLEADER

BEFORE THE COURT is the Motion to File Intervening Complaint in Interpleader [55] filed by the City of Ocean Springs, Mississippi ("Ocean Springs"). Having considered the Motion and the applicable law, the Court finds that the Motion should be denied.

### I.　　BACKGROUND

On August 10, 2023, Plaintiffs Amy Divine, Karl Merchant, and Columbus Jones filed their Complaint [1] against Defendant Securix, LLC (Defendant"), alleging that its electronic license plate monitoring program, or "Diversion Program," which seeks to ensure compliance with Mississippi's uninsured motorist laws, violates state law. The Complaint [1] sought class certification and raised federal due process claims under 42 U.S.C. § 1983, and state-law claims for unjust enrichment and abuse of process. *See* Compl. [1] at 1-2, 13-19.

The Court dismissed Plaintiffs' federal due process claims, and denied their Motion [51] for Class Certification. *See* Mem. Op. & Order [20]; Mem. Op. & Order [56].

On April 23, 2026, the Court granted partial summary judgment under Federal Rule of Civil Procedure 56(f), concluding that Defendant is entitled to summary judgment as to each individual Plaintiff's state-law claim for abuse of process, and as to Plaintiff Columbus Jones's state-law claim for unjust enrichment. *See* Mem. Op. & Order [60]. The Court dismissed Plaintiff Jones's claims in their entirety. *Id.* Thus, the only remaining claims are Plaintiffs Amy Divine's and Karl Merchant's state-law claims for unjust enrichment. *Id.* at 2.

Plaintiffs Divine and Merchant each received a citation from Defendant. Plaintiff Divine was ticketed on March 30, 2022, and paid $100.00 of the $300.00 fine. *See* Compl. [1] at 10; Dkt. [1-1] (Divine's Ticket). Plaintiff Merchant was ticketed on June 12, 2022, and paid the entire $300.00 fine. *See* Compl. [1] at 11; Dkt. [1-2] (Merchant's Ticket). The only remaining issue for trial is whether Defendant should be permitted to retain the money that Plaintiffs Merchant and Divine each paid Defendant (totaling $400.00) after being mailed the citations. *See* Mem. Op. & Ord. [60] at 4, 17-19.

The Cities of Ocean Springs and Senatobia, Mississippi, contracted with Defendant to act on their behalf in enforcing Mississippi's insurance coverage requirement through electronic monitoring. *See* Dkt. [16-1] (Ocean Springs Contract); Resp. [59] at 10 n.7 (citing City of Senatobia, Board of Alderman Minutes). Both the

Cities and Defendant profited from this arrangement, with Defendant receiving a percentage of the revenues received from paid citations. *See* Dkt. [16-1] at 14; Resp. [59] at 10 n.7.

Ocean Springs has moved to intervene in this action under Fed. R. Civ. P. 24(b), for the purpose of interpleading $468,681.13, representing its portion of the amount of proceeds collected by Defendant to operate the Diversion Program, for a final adjudication of the claims of all parties.

## II. DISCUSSION

Federal Rule of Civil Procedure 24(b) provides:

(1) . . . On timely motion, the court may permit anyone to intervene who:

(A) is given a conditional right to intervene by a federal statute; or
(B) has a claim or defense that shares with the main action a common question of law or fact.

(2) . . . On timely motion, the court may permit a federal or state governmental officer or agency to intervene if a party's claim or defense is based on:

(A) a statute or executive order administered by the officer or agency; or
(B) any regulation, order, requirement, or agreement issued or made under the statute or executive order.

(3) . . . In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights.

Fed. R. Civ. P. 24(b). "Permissive intervention is 'wholly discretionary' and may be denied even when the requirements of Rule 24(b) are satisfied." *Turner v. Cincinnati Ins. Co.*, 9 F.4th 300, 317 (5th Cir. 2021) (quoting *New Orleans Pub. Serv., Inc. v. United Gas Pipe Line Co.*, 732 F.2d 452, 471 (5th Cir. 1984)); *see also Heavy Equip.*

*Movers & Installation, LLC v. Calgon Carbon Corp.*, No. 1:24-cv-61-LG-RPM, 2025 WL 4673528, at *3 (S.D. Miss. Nov. 5, 2025).

The Court finds that Ocean Springs's Motion is untimely. This action has been pending for nearly three years, and Ocean Springs filed its Motion [55] to Intervene over two years after the Complaint was filed. Judicial economy would not be served by allowing Ocean Springs to intervene this late in the litigation. Further, considering that class certification was denied, and given the limited remaining claims and the limited potential damages at issue, the Court finds that Ocean Springs's request to intervene and interplead nearly half a million dollars would be impractical and unnecessary. *See Heavy Equip. Movers & Installation*, 2025 WL 4673528, at *3 (denying movant's permission to intervene on grounds that motion was untimely, intervention would not promote judicial economy, and intervention was impractical based on the circumstances). Therefore, the Court exercises its discretion here and denies Ocean Springs's permission to intervene.

III.   <u>CONCLUSION</u>

**IT IS, THEREFORE, ORDERED** that the Motion to File Intervening Complaint in Interpleader [55] filed by Ocean Springs is **DENIED WITHOUT PREJUDICE**.

**SO ORDERED**, this the 24th day of April, 2026.

*s/* *Bradley W. Rath*
BRADLEY W. RATH
UNITED STATES MAGISTRATE JUDGE