IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

AMY DIVINE and KARL                                                    PLAINTIFFS
MERCHANT


v.                                                      Civil No. 1:23-cv-196-HSO-BWR


SECURIX, LLC                                                            DEFENDANT

**ORDER DIRECTING PLAINTIFFS AMY DIVINE AND KARL MERCHANT
TO SHOW CAUSE WHY THIS CASE SHOULD NOT BE RESET FOR A
BENCH TRIAL**

Amy Divine, Karl Merchant, and Columbus Jones brought this action against

Defendant Securix, LLC, advancing a federal procedural due process claim under 42

U.S.C. § 1983 (Count I), and two state-law claims for abuse of process (Count II) and

unjust enrichment (Count III).  *See* Compl. [1] at 16-19.  After granting Defendant's

Motion [10] to Dismiss Plaintiffs' federal due process claims, *see* Mem. Op. & Ord.

[20], and denying Plaintiff's Motion [51] for Class Certification, *see* Mem. Ord. & Op.

[56], the Court gave the parties notice under Rule 56(f) that it was considering

entering summary judgment in favor of Defendant, *see* Ord. [58].  After reviewing

Plaintiffs' Response [59], the Court entered partial summary judgment in favor of

Defendant, dismissed Plaintiff Columbus Jones's claims entirely, and dismissed

Plaintiffs Amy Divine's and Karl Merchant's abuse of process claims.  *See* Mem. Op.

& Ord. [60].  All that remains for trial are Plaintiffs Amy Divine's and Karl

Merchant's claims for unjust enrichment.  *See id.*  Trial is set to begin Monday,

August 3, 2026.  *See* Ord. [68].

The Complaint [1] contains a demand for a jury trial, *see* Compl. [1], but the only claims remaining are ones for unjust enrichment, *see* Mem. Op. & Ord. [60], and "[u]njust enrichment is an equitable claim," *Willis v. Rehab Sols. PLLC*, 82 So. 3d 583, 588 (Miss. 2012).  "[R]ecovery in unjust enrichment is that to which the claimant is equitably entitled."  *Mississippi State Port Auth. at Gulfport v. Yilport Holding A.S.*, 416 So. 3d 83, 96 (Miss. 2025).  And in Mississippi, equitable claims are traditionally tried to the Court without a jury.  *See* Miss. Const. Art. 6, § 159 ("The chancery court shall have full jurisdiction in . . . [a]ll matters in equity."); *Poole v. Gwin, Lewis & Punches, LLP*, 792 So. 2d 987, 990 (Miss. 2001) ("[T]here is no right to trial by jury in chancery court.").

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, on or before **June 17, 2026,** Plaintiffs Amy Divine and Karl Merchant shall each file a written response to this Order demonstrating why this case should not be reset for a bench trial.

**SO ORDERED**, this the 3rd day of June, 2026.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
CHIEF UNITED STATES DISTRICT JUDGE

2